## 63561. FERGUSON v. THE STATE.

SHULMAN, Presiding Judge.

Accused of driving 47 miles per hour in a 30 mile per hour zone, appellant was found guilty by a jury and was sentenced to pay a fine of $30. She enumerates as error the denial of her motion for a directed verdict, a jury instruction, and the swearing of the jury by the solicitor. We affirm.

1. Appellant's first two enumerations of error involve the use of evidence gathered by a speed detection device. The only evidence that appellant exceeded the speed limit was generated by such a device.

Code Ann. § 68-2105 requires any county or municipality

employing speed detection devices to warn approaching motorists of the use of such devices by erecting warning signs "on every highway which comprises a part of the State highway system at that point on the highway which intersects the corporate limits of any municipality or county boundary." The evidence at trial conclusively showed that at some places where there should have been signs there were no signs.

Appellant relies to a large degree on the language of Code Ann. § 68-2101 (a): "The law enforcement officers of the various counties and municipalities may use speed detection devices only if the governing authority thereof shall approve of and desire the use of such devices and shall apply to the Department of Public Safety for a permit to use such devices *in accordance with the provisions of this Chapter. . .*" (Emphasis appellant's.) Appellant insists that the emphasized language refers to the phrase, "use such devices." We disagree. As we read the section, it requires that a county or municipality acquire a permit before using the devices and that a permit is to be applied for in accordance with the provisions of the Chapter. Sections 68-2102 and 2104 both deal with such permits and applications for them. Therefore, we do not find that § 68-2101 prohibits the use of evidence generated by speed detection devices unless there is total and unswerving compliance with all the provisions of the chapter.

Although other sections in this chapter contain specific exclusionary provisions for failure to comply with their requirements, § 68-2105 contains no such exclusion. We believe the purpose of the section is to provide notice to motorists that speed detection devices are in use. Although there was evidence that some sites on the city limits of the municipality in which appellant was apprehended should have had signs but did not, there was also evidence that other locations contained signs comporting with the statute. Under these circumstances, we are unwilling to hold that incomplete compliance with § 68-2105 requires exclusion of evidence gathered by use of a speed detection device. We hold, therefore, that the trial court did not err in denying appellant's motion for a directed verdict.

Nor do we find error in the trial court's recharge to the jury to the effect that a finding that the city provided reasonable notice of the use of speed detection devices would suffice, along with evidence of speeding, to authorize a conviction. That charge comports with our own interpretation of the statute.

2. Appellant's third enumeration of error is that the oath of the jury was administered by the solicitor rather than the trial judge or clerk of the court as is required by Code Ann. § 59-709. The record

shows no objection raised at trial. Appellant's failure to object constitutes a waiver of the error. *Gilreath v. State,* 247 Ga. 814 (4) (279 SE2d 650).

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED MAY 26, 1982—
REHEARING DENIED JULY 19, 1982.

*William C. Head,* for appellant.
*Ken Stula, Solicitor,* for appellee.