## 65526. ROYSTON v. THE STATE.

CARLEY, Judge.

Appellant was convicted of speeding based upon evidence obtained by a speed detecting device employed by the City of Athens police department. On appeal, she attacks her conviction by asserting that the evidence of her speeding was inadmissible because the City of Athens was not in total literal compliance with the following requirements of OCGA § 40-14-6 (Code Ann. § 68-2105): "Each county and municipality using speed detection devices *shall erect signs on every highway* which comprises a part of the state highway system *at that point on the highway which intersects the corporate limits of the municipality or the county boundary."* (Emphasis supplied.) This argument was advanced and rejected in *Ferguson v.*

*State,* 163 Ga. App. 171 (1) (292 SE2d 87) (1982). "[W]e are unwilling to hold that incomplete compliance with [OCGA § 40-14-6] requires exclusion of evidence gathered by use of a speed detection device. We hold, therefore, that the trial court did not err in denying appellant's motion for a directed verdict." *Ferguson v. State,* supra at 172.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED APRIL 8, 1983 —
REHEARING DENIED APRIL 25, 1983 — 

*William C. Head,* for appellant.
*Ken Stula, Solicitor,* for appellee.