## 74547. THE STATE v. VICKERY.
### (361 SE2d 678)

BENHAM, Judge.

Appellee Vickery was arrested for speeding and driving under the influence by a Thunderbolt, Georgia, police officer who stopped appellee after the officer's speed detection device indicated appellee was speeding. The officer and his radar unit were more than 500 feet from the corporate limits of Thunderbolt, heading eastward, while appellee was 350 feet within the corporate limits, heading in a westerly direction. When he smelled alcohol on appellee's breath, the officer requested appellee to submit to a blood alcohol test, the results of which (.15 grams percent alcohol) caused the officer to charge appellee with DUI. Appellee sought to suppress the intoximeter results on the ground that the officer's use of radar within 500 feet of the radar warning sign erected pursuant to OCGA § 40-14-6 violated the statute. The trial court reluctantly suppressed both the radar and intoximeter readings, and encouraged the State to file this appeal on the ground that the statute was susceptible to more than one interpretation.

OCGA § 40-14-6 requires every Georgia county and municipality using speed detection devices to erect signs at the intersection of every state highway and the county or municipal boundary, warning approaching motorists of the use of speed detection devices. The last sentence of the statute reads: "No such devices shall be used within 500 feet of any such warning sign erected pursuant to this Code section." The case at bar poses the question: What is meant by the word "used" in the statute? Does the statute require that the speed detection device itself be more than 500 feet from the county or municipal boundary or does it forbid the penetration of the radar beam into the 500-foot zone? We believe the former interpretation to be more practical and more enforceable and, accordingly, reverse the trial court's grant of appellee's motion to suppress.

Adoption of appellee's interpretation of the statute would create along the boundary of each county or municipality unlimited speed zones of up to 1,000 feet wherein speeding motorists would be im-

mune from prosecution based on evidence gathered from speed detection devices used by county or municipal law enforcement officers. Those zones would exist where signs warning motorists of the use of speed detection devices were erected. Such unlimited speed zones at intersections of state highways and county or municipal boundaries serve no useful purpose and will not be condoned by this court. See OCGA § 40-14-6. In addition, we have previously held that where the county or municipality has not erected warning signs at every mandated intersection, "we are unwilling to hold that incomplete compliance with [the first sentence of OCGA § 40-14-6] requires exclusion of evidence gathered by use of a speed detection device." *Ferguson v. State*, 163 Ga. App. 171 (1) (292 SE2d 87) (1982). See also *Royston v. State*, 166 Ga. App. 386 (304 SE2d 732) (1983).

The fear that our interpretation of the statute will be an impetus for local law enforcement officers to create speed traps is unfounded. OCGA § 40-14-9 prohibits the use of speed detection devices within certain distances of a reduction in speed limit, and OCGA § 40-14-7 provides an additional safeguard to the motoring public by requiring that the police vehicle using a speed detection device be visible to approaching motorists for at least 500 feet.

*Judgment reversed. Banke, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 10, 1987 —
REHEARING DENIED OCTOBER 6, 1987 —

*Spencer Lawton, Jr., District Attorney, Jon Hope, Assistant District Attorney*, for appellant.

*George M. Hubbard III*, for appellee.