A92A2233. HARDAWAY v. THE STATE.
(427 SE2d 527)

BLACKBURN, Judge.

On May 17, 1992, the appellant, Roosevelt Hardaway, was charged with speeding by a Georgia State Patrol officer when a radar device clocked the speed of Hardaway's vehicle at 72 mph in a 55 mph zone. During a bench trial, the state introduced into evidence, over objection, the reading of the radar device utilized by the state patrolman. On appeal, Hardaway contends that the admission of that radar evidence was erroneous, because the state failed to show all the foundational requirements delineated in *Wiggins v. State*, 249 Ga. 302 (290 SE2d 427) (1982).

In *Wiggins*, the Supreme Court reviewed the conditions imposed

by the General Assembly upon the admissibility of evidence of speed gained through use of a radar device. The Court concluded that "[e]vidence of speed obtained by a state officer by use of a radar speed detector is admissible if: (1) the device was 'marketed under the name "Vascar," or (is) any similar device operating under the same or similar principle which is approved by the Department of Public Safety for the measurement of speed, including any devices for the measurement of speed or velocity based on the principle of radar,' (2) the state law enforcement agency 'possesses a license in compliance with the applicable parts of 47 CFR, Part 89 of the Federal Communications Commission rules,' (3) the device 'before being placed in service and annually after being placed in service, is certified for compliance by a technician possessing at least a Second Class Radiotelephone License from the Federal Communications Commission,' (4) the device has passed tests 'for accuracy' conducted 'in accordance with the manufacturer's recommended procedure' by the officer or officers using the device, these tests having been conducted 'at the beginning and ending of each duty tour' and the results of the tests having been recorded and maintained, and (5) the vehicle from which the device was being operated at the time of its use was 'visible to approaching motorists for a distance of at least 500 feet.' [Cit.] Failure of proof as to any one of those elements results in the evidence of speed gained by use of the speed detection device being inadmissible." *Wiggins v. State*, supra at 304-305.

As noted by this court in *Carver v. State*, 199 Ga. App. 842 (406 SE2d 236) (1991), the fifth requirement listed in *Wiggins* no longer applies to state law enforcement officers, pursuant to a 1989 amendment of OCGA § 40-14-7. The third requirement also was modified somewhat by the 1989 amendment of OCGA § 40-14-4, eliminating the need to show the certifying technician's Second Class Radiotelephone License from the Federal Communications Commission and instead requiring that the technician is certified by the Department of Public Safety.

In the instant case, the state satisfied the first, second, and fourth requirements in *Wiggins*. Specifically, the state produced a certification by the Department of Public Safety of its approval of the Decatur MVR-724 radar device, which was the type of unit used by the state patrolman who arrested Hardaway; the state presented an authenticated copy of the Federal Communications Commission license issued to the Georgia Department of Public Safety, authorizing transmission and receipt of certain radio frequencies, including radar; and the state presented the testimony of the arresting officer concerning his daily testing of the radar device for accuracy, and his register of the results of that daily testing. However, it is uncontroverted that the state did not strictly satisfy the third requirement, i.e., showing

that before the radar device was placed in service, it was certified for compliance by a technician "possessing a certification as required by the Department of Public Safety." OCGA § 40-14-4.

The radar device had only been in service for about four months prior to Hardaway's arrest, and the requirement of an annual certification for compliance was inapplicable. As evidence of the required certification for compliance prior to placement of the device in service, the state submitted a certification from the manufacturer stating that the device had been checked for accuracy and correctness of operation. This certification was signed by a Vincent B. Read, but it fails to indicate his capacity with the manufacturer or whether he possesses the requisite certification from the Georgia Department of Public Safety.

The trial court found that this manufacturer's certification substantially complied with the third foundational requirement. This court has held that less than "total literal compliance" with OCGA § 40-14-6 (requiring warning signs regarding the use of speed detection devices) does not require exclusion of the evidence of speed gathered by a radar device. *Royston v. State,* 166 Ga. App. 386 (304 SE2d 732) (1983); *Ferguson v. State,* 163 Ga. App. 171 (1) (292 SE2d 87) (1982). However, that requirement of warning signs is not one of the foundational requisites delineated in *Wiggins.*

In *Wiggins,* in response to a motion to suppress the radar evidence, the state submitted a manufacturer's certification similar to the one at issue here, as compliance with the third requirement. The Supreme Court accepted that certification as "part of requirement no. 3," but later emphasized that "the state's proof on the motion . . . fell *far* short of the proof required on trial of the issue. Evidence of speed gained by a state patrolman by use of a radar speed detection device is [in]admissible *only* if the state introduces [inadmissible] evidence establishing its compliance with *each* of the conditions of admissibility imposed upon such evidence by the General Assembly." *Wiggins v. State,* supra at 305-306.

In the instant case, the manufacturer's certification of accuracy and correctness of operation satisfied part of the third foundational requirement, but it failed to show that the compliance check was done by a technician possessing a certification as required by the Department of Public Safety. We do not consider insignificant the requirement of showing that the radar equipment was checked for compliance by someone who is properly qualified. For that reason, we find that the state failed to show compliance with the third foundational requirement contained in *Wiggins,* and the admission of the radar evidence of speed was error.

The arresting officer testified that based upon his experience, Hardaway's vehicle appeared to be exceeding the speed limit, but he

was unable to estimate the appellant's speed. Such evidence is insufficient to support the conviction. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The erroneous admission of the radar evidence requires reversal of the trial court's finding of guilty, and a new trial is necessary.

*Judgment reversed. McMurray, P. J., and Cooper, J., concur.*

DECIDED JANUARY 22, 1993.

*James R. Jester*, for appellant.
*Daniel W. Lee, Solicitor*, for appellee.