A93A1398. MORRIS v. THE STATE.
(436 SE2d 785)

POPE, Chief Judge.

Defendant Floyd J. Morris appeals from his conviction for vehicular homicide in the first degree. The jury found that defendant committed the crime of vehicular homicide in the first degree by driving a moving vehicle while under the influence of drugs in violation of OCGA § 40-6-391 (a) (2), which prohibits a person from driving a moving vehicle while under the influence of any drug to the extent that it is less safe for the person to drive.

In the early morning hours of March 14, 1990, defendant was driving a truck along a foggy road in Jeff Davis County as part of his employment. He did not see and ran a stop sign, striking another vehicle and killing its occupant.

1. Defendant first argues that the State did not present sufficient evidence that defendant was driving under the influence of a drug *to the extent that it was less safe for him to drive*. None of the wit-

nesses who had an opportunity to observe the defendant close to the time of the accident testified that he appeared under the influence of drugs or alcohol. However, the forensic scientist who tested defendant's blood, which was taken approximately two hours after the accident, testified the marijuana level in defendant's blood was between 100-250 milliliters. She further testified without objection that his marijuana level was very high and in her opinion such a marijuana level would make defendant a less safe driver. There was evidence presented by defendant's co-worker, who was a passenger in the truck he was driving, that defendant could have been traveling as fast as 50-55 mph at the time of the collision, although the companion thought he was driving effectively. However, other testimony was presented that a speed of only 35-40 mph would be reasonable under the foggy conditions existing that morning. The jury was also authorized to consider that defendant did not see the stop sign or the vehicle that he struck. Viewing this evidence in a light favorable to the verdict, it was sufficient to enable a rational finder of fact to find defendant guilty of the crime for which he was convicted. See *Hall v. State*, 200 Ga. App. 585 (2) (409 SE2d 221) (1991). Cf. *Sparks v. State*, 195 Ga. App. 589 (2) (394 SE2d 407) (1990) (evidence that defendant ingested cocaine was not sufficient to prove defendant was a less safe driver); *Clay v. State*, 193 Ga. App. 377 (2) (387 SE2d 644) (1989) (the officer's opinion that defendant was a less safe driver was without an evidentiary foundation).

2. It was error under the facts of this case for the trial court to refuse to give defendant's written request to charge on accident. OCGA § 16-2-2 provides: "A person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, intention, or criminal negligence." In this case there was overwhelming evidence that the foggy weather conditions made it impossible or almost impossible for the defendant to see the stop sign he ran at the time he struck the victim's vehicle. The testimony of both defendant and his co-worker raised the defense of accident. Accordingly, the trial court erred by refusing to give a charge on accident. *Sapp v. State*, 179 Ga. App. 614 (2) (347 SE2d 354) (1986). The judgment below must be reversed.

3. We have examined defendant's remaining enumerations of error and find them to be without merit.

*Judgment reversed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 21, 1993.

*Thomas H. Pittman*, for appellant.

*W. Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney*, for appellee.