### A99A0538. GAMBLE v. THE STATE.
(515 SE2d 422)

BLACKBURN, Judge.

Michael Gamble appeals from his conviction for speeding, following a bench trial, contending that the trial court erred by admitting into evidence the reading of a radar device. Defendant contends that the trial court erred in denying his motion to suppress the radar gun evidence because the State failed to establish that the radar gun was certified annually pursuant to OCGA § 40-14-4. We affirm.

Gamble was charged with speeding on June 16, 1998.[1] At the bench trial the radar reading was the only evidence of Gamble's speed. OCGA § 40-14-4 provides that a reading from a radar device is admissible as evidence if "[the] device, before being placed in service and annually after being placed in service, is certified for compliance by a technician possessing a certification as required by the Department of Public Safety." "Failure of [such] proof . . . results in the evidence of speed gained by use of the speed detection device being inadmissible." *Wiggins v. State*, 249 Ga. 302, 304 (2) (a) (290 SE2d

---

[1] Gamble was also convicted of two counts of driving under the influence, but he raises no issues on appeal with regard to those convictions.

427) (1982). See *Hardaway v. State*, 207 Ga. App. 150 (427 SE2d 527) (1993).

The State presented evidence of the initial certification of calibration in 1993 and subsequent certifications in 1995, 1996, 1997 and 1998; however, the State presented no evidence of certification in 1994. The parties stipulated that the radar gun was placed in service in 1993. Gamble contends that the statute requires the State to show certification for each and every year from the date the radar gun was placed in service and that the State's failure to establish certification in 1994, four years prior to the use of the radar here, results in the radar reading being inadmissible. We disagree.

"The purpose of testing and certifying the device before it is placed in service and annually thereafter is to ensure the initial and continuing accuracy of the device." *Nairon v. State*, 215 Ga. App. 76, 78 (2) (449 SE2d 634) (1994). With this purpose in mind, a reasonable reading of the statute requires proof of certification for the pertinent year, thus ensuring the accuracy of the radar reading at issue. Here, the State met the requirements of OCGA § 40-14-4 by producing a copy of the certificate of accuracy dated within one year prior to the use of the radar in this case. See *Nairon*, supra. Gamble's excessively narrow reading of the statute leads to the absurd result that if a radar device were not certified for one year, that radar device could never be used again as all of its subsequent readings would be rendered inadmissible. We decline to adopt such an unreasonable reading. See *Alltel Ga. Communications v. Ga. Pub. Svc. Comm.*, 270 Ga. 105 (505 SE2d 218) (1998).

*Judgment affirmed. Beasley, P. J., and Barnes, J., concur.*

DECIDED MARCH 31, 1999 — ▮▮▮▮▮▮▮

*Patterson & Patterson, Jackie G. Patterson, Yasma Patterson*, for appellant.

*Louis J. Kirby, Solicitor*, for appellee.