## S00A0878. AYERS v. THE STATE.
(534 SE2d 76)

HINES, Justice.

We granted defendant Michelle Ayers' interlocutory appeal to address whether *Love v. State*, 271 Ga. 398, 402 (3) (517 SE2d 53) (1999), applies to an indictment which charges reckless driving[1] and first degree vehicular homicide through reckless driving.[2] We conclude that it does not, and affirm the superior court's refusal to dismiss the charges that Ayers violated OCGA §§ 40-6-390 and 40-6-393 (a).

A Chatham County grand jury returned an 11-count indictment charging Michelle Ayers with numerous traffic offenses stemming from her fatal collision with a 13-year-old child who was riding a bicycle on the side of the roadway. Ayers' blood sample revealed metabolites of marijuana. She moved to dismiss five of the charges alleging marijuana in her blood on the basis of *Love v. State*. In that case it was determined that OCGA § 40-6-391 (a) (6)[3] was unconstitutional as a denial of equal protection in that those whose marijuana use was legally sanctioned could not be convicted simply on the basis of the presence of marijuana metabolites in their bodily fluids, while those whose marijuana use was not legally sanctioned could be. *Love,* supra at 402 (3). See OCGA § 40-6-391 (b).[4] The superior court dis-

---

[1] OCGA § 40-6-390. Reckless driving.

(a) Any person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving.

(b) Every person convicted of reckless driving shall be guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine not to exceed $1,000.00 or imprisonment not to exceed 12 months, or by both such fine and imprisonment, provided that no provision of this Code section shall be construed so as to deprive the court imposing the sentence of the power given by law to stay or suspend the execution of such sentence or to place the defendant on probation.

[2] Former OCGA § 40-6-393 (a) (Homicide by Vehicle) applicable to Ayers' indictment filed on August 26, 1998, provided:

(a) Any person who, without malice aforethought, causes the death of another person through the violation of subsection (a) of Code Section 40-6-163 or subsection (b) of Code Section 40-6-270 or Code Section 40-6-390 or 40-6-391 or subsection (a) of Code Section 40-6-395 commits the offense of homicide by vehicle in the first degree and, upon conviction thereof, shall be punished by imprisonment for not less than two years nor more than 15 years.

[3] OCGA § 40-6-391 (a) (6) provides:

(a) A person shall not drive or be in actual physical control of any moving vehicle while:

(6) Subject to the provisions of subsection (b) of this Code section, there is any amount of marijuana or a controlled substance, as defined in Code Section 16-13-21, present in the person's blood or urine, or both, including the metabolites and derivatives of each or both without regard to whether or not any alcohol is present in the person's breath or blood.

[4] OCGA § 40-6-391 (b) states:

The fact that any person charged with violating this Code section is or has been legally entitled to use a drug shall not constitute a defense against any charge of

missed three of the counts against Ayers which were premised on OCGA § 40-6-391 (a) (6), but refused to dismiss the other two: Count 3 alleging that Ayers committed reckless driving in violation of OCGA § 40-6-390 (a); and Count 7 alleging that Ayers committed first degree vehicular homicide in violation of OCGA § 40-6-393 (a) by reckless driving as alleged in Count 3.

Ayers argues that *Love* requires dismissal of the two charges because 1) they are based on a violation of OCGA § 40-6-391 (a) (6) or (a) (2); 2) *Love* also controls OCGA § 40-6-391 (a) (2)[5] because OCGA § 40-6-391 (b) applies to all provisions of OCGA § 40-6-391 (a); and 3) OCGA § 40-6-391 (a) (2) is unconstitutional as violative of equal protection.[6] But, the premise of the contentions of unconstitutionality is that the two counts of the indictment at issue charge Ayers with violations of the driving under the influence statute, OCGA § 40-6-391. And that is not the case.

Ayers is charged with driving

in reckless disregard for the safety of persons and property upon said roadway by driving at a speed greater than was reasonable and prudent under the existing weather conditions, by attempting to pass another vehicle when such was not safe to do so while said accused was mentally and physically fatigued and *while said accused possessed marijuana within her blood . . .*

(emphasis supplied), and vehicular homicide in the first degree based upon the same circumstances of reckless driving.

As Ayers concedes, *Love* does not apply to a charge of reckless driving or vehicular homicide based on reckless driving. Nothing in *Love* implied that reckless driving based on marijuana consumption could not be prosecuted. The violation of equal protection found in *Love* was grounded in the recognition that legal marijuana users pose the same threat as illegal users when controlling a moving vehicle, making disparate treatment without a rational basis. *Love* at 403 (3). In prosecution of the two counts at issue, it does not matter

---

violating this Code section; provided, however, that such person shall not be in violation of this Code section unless such person is rendered incapable of driving safely as a result of using a drug other than alcohol which such person is legally entitled to use.

[5] OCGA § 40-6-391 (a) (2) provides:
    (a) A person shall not drive or be in actual physical control of any moving vehicle while:
    (2) Under the influence of any drug to the extent that it is less safe for the person to drive;

[6] In ruling on the motion to dismiss, the superior court expressly rejected claims that OCGA § 40-6-391 (a) (2) is unconstitutional as a denial of equal protection or due process.

whether Ayers consumed the marijuana legally or illegally. The charges merely include the fact that marijuana was found in Ayers' blood because it is relevant to the jury's determination that Ayers drove "in reckless disregard for the safety of persons or property," which is what the State must prove beyond a reasonable doubt. See OCGA § 40-6-390 (a); see also *Hill v. State,* 207 Ga. App. 65, 66 (1) (426 SE2d 915) (1993); *Johnson v. State*, 179 Ga. App. 21, 24 (4) (345 SE2d 123) (1986). The State does not, as Ayers implies, have to prove her guilty of driving under the influence of marijuana in violation of OCGA § 40-6-391.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 11, 2000.

*Emory B. Bazemore,* for appellant.

*Spencer Lawton, Jr., District Attorney, Gregory M. McConnell, Assistant District Attorney, Thurbert E. Baker, Attorney General, Christopher S. Brasher, James J. Phillips, Assistant Attorneys General,* for appellee.

*Kermit N. McManus, Kenneth B. Hodges III, J. David Miller, District Attorneys, Joseph F. Burford, Assistant District Attorney, David H. Mosley, Leslie C. Abernathy, Roxann G. Daniel, Sheryl B. Jolly, Solicitors,* amici curiae.