## A00A1982. KEENUM v. THE STATE.
(546 SE2d 288)

ANDREWS, Presiding Judge.

Claude Kermit Keenum, Jr. appeals from the judgment entered after a bench trial finding him guilty of driving under the influence of drugs. We find no reversible error and affirm.

This case arose when police responded to a call from Keenum about drug activity at a certain address. When the officer arrived at the address given, she waited outside in the patrol car. After a few minutes, Keenum drove up, pulled over, and parked. He got out of his truck and walked over to the police car. Keenum told the officer that he had been in the house for four days, using cocaine, drinking vodka, and possibly using marijuana. He also said he was "messed up" and the people in the house were trying to kill him. The officer stated that Keenum's behavior and speech were erratic and he smelled of alcohol. Based on this behavior and Keenum's admissions, the officer arrested him for DUI.

After a bench trial, the court found Keenum guilty of violating OCGA § 40-6-391 (a) (6), driving while having a detectable level of

cocaine in his system. This appeal followed.

1. In his first enumeration of error, Keenum claims he could not be convicted under OCGA § 40-6-391 (a) (6) because the Supreme Court of Georgia declared it unconstitutional in *Love v. State*, 271 Ga. 398 (517 SE2d 53) (1999). We disagree.

In *Love*,

> it was determined that OCGA § 40-6-391 (a) (6)[1] was unconstitutional as a denial of equal protection in that those whose marijuana use was legally sanctioned could not be convicted simply on the basis of the presence of marijuana metabolites in their bodily fluids, while those whose marijuana use was not legally sanctioned could be.

*Ayers v. State*, 272 Ga. 733 (534 SE2d 76) (2000).

There is nothing in *Love*, however, which states that the statute is unconstitutional when applied to those convicted of driving with a detectable level of cocaine in their system. Therefore, *Love* does not apply in this case.

2. Next, Keenum argues that even if *Love* addresses driving with only marijuana in the system, the statute should be unconstitutional when applied to cocaine because there are legal uses for cocaine. But, the testimony at trial was that although cocaine may be used as a topical anesthetic during some surgeries, it is not a prescription drug; therefore, although there could be instances where a driver was a "legal marijuana *user*," see *Love*, supra at 402, there would never be an instance of a "legal cocaine user" so as to make the statute unconstitutional as a denial of equal protection. Further, there was no evidence that cocaine used in this manner would ever be detectable in the bloodstream. Accordingly, the trial court did not err in finding the statute constitutional with regard to cocaine.

3. Keenum also argues that although the officer read him the correct implied consent warning at the time of arrest, she omitted a

---

[1] OCGA § 40-6-391 (a) (6) provides:
(a) A person shall not drive or be in actual physical control of any moving vehicle while: (6) Subject to the provisions of subsection (b) of this Code section, there is any amount of marijuana or a controlled substance, as defined in Code Section 16-13-21, present in the person's blood or urine, or both, including the metabolites and derivatives of each or both without regard to whether or not any alcohol is present in the person's breath or blood.
Subsection (b) states:
The fact that any person charged with violating this Code section is or has been legally entitled to use a drug shall not constitute a defense against any charge of violating this Code section; provided, however, that such person shall not be in violation of this Code section unless such person is rendered incapable of driving safely as a result of using a drug other than alcohol which such person is legally entitled to use.

phrase when she read it to him again at the hospital. After the officer read the correct implied consent warning, Keenum agreed to take a blood test. At the hospital, the arresting officer read the warning to Keenum again, although she did not have her card with the warning printed on it. The printed form Keenum signed at the hospital agreeing to take the tests and refusing additional tests at his own expense left out the last phrase of the warning: "and from qualified personnel of your own choosing." Although the officer acknowledged that the form itself did not have the additional phrase, her testimony was, "I don't recall reading it that way."

In any event, there was no harmful error. Even if the officer omitted a phrase at the second reading, this does not negate or nullify the giving of the warning correctly. *State v. Kirbabas*, 232 Ga. App. 474, 479 (502 SE2d 314) (1998). Having correctly given the implied consent warning at the time of arrest, the officer was under no duty to give further warnings. Id.

4. Lastly, Keenum argues the trial court could not find him guilty beyond a reasonable doubt because there was another lab test performed which did not show any cocaine metabolites in his blood. Keenum's expert testified that the Georgia crime lab sent Keenum's blood sample to his lab and he reanalyzed it. He testified that he found no cocaine or cocaine metabolites in the sample. But, the evidence at trial also showed that the Georgia crime lab received the blood sample on November 24, 1997, and Keenum did not request a second test of the sample until July 20, 1998. Moreover, the first test tube was immediately sealed with wax after the blood was drawn, but, when the test tube was sent to the second laboratory, it no longer had a wax seal.

> In a bench trial[,] the court sits as trier of fact and his findings shall not be set aside unless clearly erroneous. The clearly erroneous test is the same as the any evidence rule. Thus, an appellate court will not disturb fact findings of a trial court if there is any evidence to sustain them.

(Citations and punctuation omitted.) *Womack v. State*, 193 Ga. App. 186, 187 (387 SE2d 336) (1989).

On appeal, this Court does not weigh the evidence or determine the credibility of the witnesses, but looks only to determine if the evidence is sufficient such that a reasonable trier of fact could rationally have found proof of guilt beyond a reasonable doubt. *Banks v. State*, 185 Ga. App. 851, 853 (3) (366 SE2d 228) (1988). The court, in weighing the evidence, found the initial testing results were more reliable. As this finding was not clearly erroneous, it must be affirmed on appeal. Id. The evidence was sufficient for a rational trier of fact to

find Keenum guilty of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED FEBRUARY 20, 2001 —
RECONSIDERATION DENIED MARCH 7, 2001 — 

*Head, Thomas, Webb & Willis, William C. Head*, for appellant.
*Keith C. Martin, Solicitor, Evelyn P. Sandefur, Assistant Solicitor*, for appellee.