## A02A0633. SALAZAR v. THE STATE.
(567 SE2d 706)

SMITH, Presiding Judge.

After a bench trial in which he appeared pro se, Martin Salazar was convicted of speeding in excess of the posted limit and speeding 55 mph in a 35-mph zone. He appeals, again pro se, filing a brief which he acknowledges does not conform to the rules of this court.[1] Finding no error, we affirm.

While throughout his briefs Salazar requests that "this Court be lenient to the responses and format in such that the Appellant is Pro Se," the rules of this court are not intended to provide an obstacle for the unwary or the pro se appellant. Briefs that do not conform to the rules regarding enumerations of error, structure of briefs, argument, or citation of authorities, as Salazar's fails to do, are not merely an inconvenience or grounds for refusing to consider a party's contentions. Such briefs hinder this court in determining the substance and basis of an appellant's contentions both in fact and in law and may well prejudice an appellant's appeal regardless of the amount of leniency shown. Nevertheless, we will address Salazar's arguments, insofar as we are able to ascertain them from his brief.

---

[1] Salazar's earlier appeal, Case No. A02A0144, was remanded after he failed to request that a transcript of the trial be included in the record.

1. In what appears to be an assertion of the general grounds, Salazar complains that the testimony of the investigating officers was contradictory and that the "consistency" of his own testimony made it superior to that of the officers. A substantial portion of his brief is spent laying out the alleged contradictions and conflicts in the officers' testimony. But

> [i]n a bench trial, the court sits as trier of fact and his findings shall not be set aside unless clearly erroneous. The clearly erroneous test is the same as the any evidence rule. Thus, an appellate court will not disturb fact findings of a trial court if there is any evidence to sustain them. On appeal, this Court does not weigh the evidence or determine the credibility of the witnesses, but looks only to determine if the evidence is sufficient such that a reasonable trier of fact could rationally have found proof of guilt beyond a reasonable doubt.

(Citations and punctuation omitted.) *Keenum v. State*, 248 Ga. App. 474, 476 (4) (546 SE2d 288) (2001). Moreover, the trier of fact "has unlimited discretion to accept or reject a defendant's testimony as a whole, or to accept it in part and reject it in part. [Cit.]" *Johnson v. State*, 236 Ga. App. 61, 63 (1) (510 SE2d 918) (1999). We cannot say that the trial court's decision to believe the testimony of the officers in preference to that of Salazar was clearly erroneous, nor can we say that there is no evidence to sustain the decision to find Salazar guilty of speeding. The evidence was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. So far as we are able to determine, Salazar's brief contains 35 enumerations of error. But the remainder of his brief does not follow the form or sequence of argument required by Court of Appeals Rule 27 (c), and he does not address most of the enumerations of error at any point in his argument. The argument itself appears to be limited to Salazar's complaints, based upon a number of alleged reasons, regarding admission of the speed measurement obtained by one of the investigating officers with a radar device.

But we need not reach these issues, because the evidence obtained by the radar device is merely cumulative. The officer also testified that he was trained in the estimation of automobile speed, that he observed Salazar for a period of time before activating the radar, and that in his opinion Salazar was exceeding the speed limit and was traveling approximately 55 mph in a 35-mph zone. Assuming without deciding that any of Salazar's arguments concerning the radar device have merit, the admission of the radar results would be harmless in this case because they were merely cumulative of the officer's visual estimation of Salazar's speed and therefore do not

require reversal of the conviction for speeding. *Smith v. State*, 250 Ga. App. 583, 587-588 (2) (552 SE2d 528) (2001).

3. The only other aspect of the enumerations of error mentioned in Salazar's argument is his contention, made in a number of his enumerations of error, that the trial court acted improperly during the trial. He contends the trial court was "intervening for the State." His enumerations of error shed some light on this general contention: Salazar appears to claim that the trial court did not allow him to cross-examine witnesses, testified on behalf of the State, and refused to allow him to present exhibits and testimony. These allegations are without merit. We have carefully reviewed the transcript of the trial, and it appears that the trial court properly conducted the proceedings throughout. The court explicitly instructed Salazar regarding his right to cross-examination, and Salazar cross-examined and recross-examined the police officer who was the sole witness for the State. The court did limit Salazar's inquiry regarding other citations and cases that the officer had investigated on the ground of lack of relevance, and Salazar agreed with that limitation. At one point, when Salazar requested assistance from the court in formulating a question regarding the radar, the court assisted him and permitted him to continue questioning the witness. The court asked several questions of the witness in attempting to clarify the issue. When Salazar testified on his own behalf, the trial court gave him some preparatory instructions and then permitted him to "tell me about this incident" in lengthy narrative form without interruption. At one point, the trial court instructed the solicitor-general not to argue with Salazar during cross-examination.

> The trial judge has the right to propound a question or a series of questions to any witness for the purpose of developing fully the truth of the case; and the extent to which the examination conducted by the court shall go is a matter within his discretion. The questioning of this witness by the trial court was not an abuse of discretion, and not error.

(Citations and punctuation omitted.) *Wilson v. State*, 257 Ga. 444, 446 (2) (359 SE2d 891) (1987). The exhibits which Salazar attempted to present were his handwritten notes duplicating his own testimony at trial and were properly excluded under the "continuing witness rule." See generally *Tibbs v. Tibbs*, 257 Ga. 370-371 (359 SE2d 674) (1987). Moreover, Salazar failed to object to any of the allegedly improper conduct at trial and therefore is estopped from raising an objection on appeal. *Cook v. State*, 270 Ga. 820, 829 (6) (514 SE2d 657) (1999).

4. We also note that Salazar failed to cite authority or present argument with respect to most of his 35 enumerations of error. They are thus deemed abandoned under Court of Appeals Rule 27 (c) (2). In addition, Salazar failed to object at trial to many of the rulings and actions of which he now complains. Failure to object to the admission of evidence at trial waives the right to raise the issue on appeal. See, e.g., *Anthony v. State*, 236 Ga. App. 257, 259 (2) (511 SE2d 612) (1999). Salazar's pro se status did not excuse him from his duty to object to error during the trial. He " 'is not held to a different or more lenient standard in this regard merely because he elected to proceed pro se. One who knowingly elects to represent himself assumes full responsibility for complying with the substantive and procedural requirements of the law.' [Cit.]" *Quinn v. State*, 253 Ga. App. 570, 573 (2) (560 SE2d 58) (2002).

Finally, Salazar contends that he was unable to object because he "felt he was in a hostile environment" and that the trial court had "little, to no patience with the appellant or his questions of the State and its witnesses." As in *Carter v. State*, 231 Ga. App. 42, 43 (4) (497 SE2d 812) (1998), we have reviewed the record in this case for any indication of a "hostile environment" or intimidation by the court. The trial court simply engaged in "appropriate attempts to require appellant to comply with rules of evidence and procedure, which task appellant willingly undertook when he decided to represent himself." Id. " 'The trial judge has broad discretion in handling these matters and we are loath to interfere with that discretion unless it is manifestly abused by clearly demonstrated prejudice or unfairness.' [Cit.]" *Gilbert v. State*, 208 Ga. App. 258, 265 (5) (430 SE2d 391) (1993). We find no abuse of that discretion here.

*Judgment affirmed. Eldridge and Ellington, JJ., concur.*

Decided June 20, 2002.

Martin F. Salazar, *pro se*.

*Sheryl B. Jolly, Solicitor-General, Katherine M. Mason, Assistant Solicitor-General*, for appellee.