A02A1518. DOSTER v. THE STATE.
(578 SE2d 262)

SMITH, Chief Judge.

Bobby Lewis Doster was indicted on charges of driving under the influence of amphetamine and possession of amphetamine. His demurrer to the DUI charge was granted. He was found guilty by a jury on the possession charge, and he filed this appeal from the judgment of conviction and sentence entered thereon. In his sole enumeration of error, Doster contends that the trial court erred in denying his motion to suppress the results of his urine test in the prosecution for possession, because his consent to such testing was not freely and voluntarily given. We do not agree, and we affirm the judgment.

The facts are undisputed. Doster was stopped for running a stop sign by Chief Dennis Bell of the Arcade Police Department. Bell approached the car driven by Doster and noticed an odor of marijuana emanating from it. Doster could not produce a driver's license, and he said the car belonged to his girlfriend. Bell recognized Doster's passenger, Cecil Brooks Evans, whom he had previously

arrested on drug charges. Evans was searched, and marijuana was found on him. Doster consented to a search of the car he was driving,[1] and a cigarette package containing two cigarettes and a folded $20 bill was found on the dashboard. When the $20 bill was unfolded, it revealed a "brownish, creamy substance" that Bell surmised was "some type of amphetamine." Bell field-tested the substance, and the test confirmed the presence of amphetamine. Evans was arrested for possession of marijuana. Because Doster had failed a field sobriety test and had "very nervous speech, slurred; eyes very pinpointed," he was arrested for DUI and read the implied consent warnings.

The two suspects were transported to the police department, and Doster was read a *Miranda* warning and signed a waiver. After being advised that he could refuse and that he "would be charged if any illegal substances were found in his urine," he also consented in writing to a urine test. Although he denied knowledge of the drugs found in the car, Doster did admit voluntarily before the test was administered that he had been using methamphetamine. The urine test showed the presence of amphetamines in his system. A toxicologist from the state crime laboratory testified that he "would have to conclude that this person ingested both methamphetamine and amphetamine."

As we understand Doster's contention, he argues that two different warnings were given, the implied consent warning, which applied to a DUI charge, and the later warning, when he signed the written consent to the urine test, which applied to a possession charge. But because only one sample was obtained and tested, Doster argues that he believed, as would any reasonable person, that the implied consent warning applied to the possession charge as well. This warning was misleading, he argues, because the State was not authorized to suspend Doster's driver's license for refusal to take a urine test to show possession of drugs by ingestion. He argues that his consent to the test was therefore not freely and voluntarily given.

Doster maintains that this is an issue of first impression, and we have found no evidence otherwise. But while we admire the creativity of the argument, we also find it flawed.

First, because Doster admitted that he used methamphetamine, the urine test was not the sole evidence of possession, as he suggests. Even had the trial court suppressed the test results, Doster's admission, coupled with the substance found in the car and the officer's testimony regarding Doster's appearance and demeanor, would have

---

[1] Doster freely admitted he had no problem with Bell searching the car, but added that "if there's anything in there, I don't know anything about it."

been sufficient to support the finding of guilt. See *Cronan v. State*, 236 Ga. App. 374, 378-379 (5) (511 SE2d 899) (1999).

Second, we do not agree that Doster was misled. The two consents were not given together. The implied consent warning was given at the scene of the stop, and Doster later gave written consent to have his urine tested after admitting that he had used methamphetamine. And while the State could not have suspended Doster's driver's license for the possession charge, it also charged him with DUI, and Doster's license could have been suspended had he refused to submit to the test for DUI purposes, differentiating the facts here from those in the cases cited by Doster. In *Deckard v. State*, 210 Ga. App. 421 (436 SE2d 536) (1993), the officer informed Deckard that his refusal to submit to the test would result in the suspension of his out-of-state license for six months, a penalty the State was not authorized to exact. We held that Deckard's consent was "based at least in part on deceptively misleading information," and Deckard therefore could not make an informed choice about refusing the test. Id. at 423. Here, in contrast, the implied consent warning was given to Doster at a time when, had he refused, his license could have been suspended because of the pending DUI charge. Therefore, at the time the warning was given, nothing about it was deceptive or misleading.[2] As no evidence in the record supports Doster's assertion that he was misled or coerced, his consent to the urine test was given freely and voluntarily, and the trial court did not err in denying his motion to suppress the results.

*Judgment affirmed. Eldridge and Ellington, JJ., concur.*

DECIDED FEBRUARY 12, 2003.

*William D. Healan III*, for appellant.
*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.

---

[2] We note that the demurrer later granted on the DUI charge was based upon the authority of *Love v. State*, 271 Ga. 398 (517 SE2d 53) (1999), which held that OCGA § 40-6-391 (a) (6) was unconstitutional on equal protection grounds. Id. at 402-403 (3).