## A03A0824. FERGUSON v. THE STATE.
(587 SE2d 195)

ANDREWS, Presiding Judge.

Harvey Ferguson was found guilty of speeding and now appeals, bringing several enumerations of error. After reviewing the record, we conclude there was no reversible error, and affirm.

Ferguson was charged with driving 50 mph in a 35-mph zone and pled not guilty. He represented himself at a bench trial in city court. The evidence at trial was that on the day in question, the arresting City of Atlanta police officer was stationed at an approved location for operating stationary speed detection devices. The officer said that he was using a ProLaser II, he was visible at a distance of more than 500 feet, and the street had a grade of less than seven percent. The officer stated that before he activated the radar, he visually estimated Ferguson's speed at approximately 50 mph. The officer testified that the road was level at the point where the radar was used to measure Ferguson's speed.

1. In his first enumeration of error, Ferguson claims the court erred when it found the grade of the road at issue to be below seven percent. OCGA § 40-14-9 provides that "[n]o speed detection device shall be employed by county, municipal, or campus law enforcement officers on any portion of any highway which has a grade in excess of 7 percent." The burden of proof on this issue is on the State. *Carver v. State*, 199 Ga. App. 842 (406 SE2d 236) (1991).

Ferguson testified that he measured the angle of the street in the area where he was stopped with a bubble protractor. He stated that the protractor showed a 10 degree inclination, which is a 17.6 percent grade.

But, even if Ferguson were able to show that measuring a few inches of the road in question is an acceptable method to determine grade, the officer's unrebutted testimony was that the area where he used the radar was level. Moreover, assuming without deciding that

any of Ferguson's arguments concerning the use of the speed detection device have any merit, the admission of the radar results in this case is cumulative of the officer's visual estimation of Ferguson's speed and is sufficient to support the conviction for speeding. *Salazar v. State*, 256 Ga. App. 50, 51-52 (567 SE2d 706) (2002). Accordingly, the court could find that Ferguson was speeding beyond a reasonable doubt. See also *Stone v. State*, 257 Ga. App. 492, 493 (571 SE2d 488) (2002) (an officer's visual estimate of speed is sufficient to support a conviction on a speeding violation).

2. Next, Ferguson claims the court erred in admitting an uncertified copy of a municipal ordinance. The ordinance in question gave a list of locations approved by the Department of Public Safety for the use of speed detection devices. Ferguson did not object to the admission of this evidence at trial, and therefore this enumeration provides nothing for our review. See, e.g., *Salazar*, supra at 53.

3. Ferguson also claims there was no evidence showing that the public was put on notice that speed detection devices were in use near that location.

OCGA § 40-14-6 (a) provides:

> Each county, municipality, college, and university using speed detection devices shall erect signs on every highway which comprises a part of the state highway system at that point on the highway which intersects the corporate limits of the municipality, the county boundary, or the boundary of the college or university campus. Such signs shall be at least 30 by 30 inches in area and shall warn approaching motorists that speed detection devices are being employed.

But, contrary to Ferguson's argument on appeal, incomplete compliance with this Code section does not require the exclusion of evidence obtained by the use of speed detection devices. *Hardaway v. State*, 207 Ga. App. 150, 152 (427 SE2d 527) (1993); *Royston v. State*, 166 Ga. App. 386, 387 (304 SE2d 732) (1983); *Ferguson v. State*, 163 Ga. App. 171, 172 (292 SE2d 87) (1982). In addition, this enumeration also has no merit for the reasons discussed in Division 1, above. See *Salazar*, supra; *Stone*, supra.

4. In his last enumeration of error, Ferguson claims there was no evidence that Officer Jackson, the officer who testified at trial, was the officer who observed him speeding. We disagree.

Ferguson's argument on this issue is pure speculation. Officer Jackson testified at trial that he saw Ferguson speeding and also clocked him with the speed detection device. The trial court has unlimited discretion in deciding to accept or reject the testimony of either the defendant or the officer. *Salazar*, supra at 51. There is

nothing before us to show that the trial court's decision to believe the officer's testimony was clearly erroneous. Id. This enumeration of error is without merit.

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED SEPTEMBER 3, 2003.

*Tara D. Dickerson, Kevin J. Jones,* for appellant.

*Joseph J. Drolet, Solicitor-General, Richard R. Burris III, Assistant Solicitor-General,* for appellee.