A08A2130. LANDINE v. THE STATE.
(673 SE2d 124)

BARNES, Judge.

Dipita Joseph Landine was convicted after a bench trial of speeding and driving under the influence. He appeals, contending the evidence was insufficient to sustain the conviction. For the reasons that follow, we affirm.

"On appeal from a bench trial, we view the evidence . . . in favor of the factfinder's conclusion, giving due regard to the trial court's opportunity to judge witness credibility." *Stadnisky v. State*, 285 Ga.

---

App. 33, 34 (1) (645 SE2d 545) (2007). We no longer presume the defendant is innocent, but only determine if the evidence is sufficient to sustain the convictions. *Campbell v. State*, 278 Ga. 839, 840 (1) (607 SE2d 565) (2005).

Viewed in that light, the evidence at trial established that an officer with the Gwinnett County DUI Task Force's air detail spotted Landine's car speeding on Interstate 85. The officer explained that, while watching from a helicopter, horizontal lines painted across the highway at 440-foot intervals enabled him to time Landine's car and calculate that he was driving 90 mph in a 65 mph zone. He radioed that information to a patrol car, keeping his eye on Landine's car until the patrol officer pulled him over.

The patrol officer, who was also a field sobriety instructor, approached Landine and smelled a strong odor of an alcoholic beverage as Landine handed him his license. When asked how much he had to drink, he responded, "Not much," and when asked where he had been, he responded that he was going home. As Landine stepped out of the car, he was slightly unsteady on his feet. Based on the results of a horizontal gaze nystagmus (HGN) test, the officer concluded that Landine's blood alcohol concentration was more than 0.08. During the walk and turn evaluation, Landine was unable to maintain his balance and took only three steps instead of the requested nine, from which the officer concluded that he was impaired. Landine declined to submit to an alco-sensor test in the field or to a state breath test at the police station. An expert testified for Landine that the officer's HGN test was not reliable because it was not performed correctly. The State played a DVD of Landine's arrest, which this Court has reviewed.

We conclude that the evidence as outlined above was sufficient for a rational trier of fact to find Landine guilty beyond a reasonable doubt of DUI and speeding. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JANUARY 28, 2009.

*Khadizeth Toure-Hernandez*, for appellant.
*Rosanna M. Szabo, Solicitor-General, Atinuke O. Fawole, Assistant Solicitor-General*, for appellee.