## A09A0051. ROSS v. THE STATE.
(683 SE2d 350)

MIKELL, Judge.

Claretha Ross was indicted for one count each of aggravated assault and battery, and two counts of riot in a penal institution, stemming from an altercation with a fellow inmate at the Dougherty County Jail. A jury found Ross guilty of battery and one count of riot in a penal institution, but not guilty of the remaining charges. The trial court sentenced Ross to twenty years, with five to serve. Ross, proceeding pro se, appeals from this conviction.[1] Because we conclude that Ross has abandoned her enumerated errors on appeal, we affirm.

1. This appeal has a confusing history. On October 14, 2008, this Court directed Ross to file a brief and enumeration of errors, and on November 6, 2008, mailed to Ross a copy of the Rules of the Court of Appeals of Georgia. When Ross failed to comply with the Order of October 14, 2008, this Court dismissed the appeal on December 12, 2008. On January 9, 2009, this Court reinstated the appeal and ordered Ross to file a brief and enumeration of errors within 20 days. Ross filed an untimely document titled, "Part II — Enumeration of Errors" on February 2, 2009. On March 10, 2009, 40 days after her brief was due, Ross filed a "Motion for Extension of Time to File Part

---

[1] On March 5, 2008, Ross filed a notice of appeal. On March 21, 2008, Ross filed a motion for partial new trial and/or judgment notwithstanding the verdict. On April 8, 2008, the trial court issued an order indicating that the notice of appeal divested it of its jurisdiction to consider the motion for partial new trial.

III of Appellant's Brief." In light of the fact that Ross was adequately informed of proper appellate procedure, her untimely "Motion for Extension of Time to File Part III of Appellant's Brief" is denied.

2. Our rules clearly require that an appellant's brief contain three parts: a statement of the proceedings below and relevant material facts, with citation to the record; an enumeration of errors; and argument and citation of authorities.[2] As noted in Division 1, supra, Ross has filed only one part of her brief, an enumeration of errors, which lists 18 enumerations of error, followed by a catalogue of record citations. This document fails to comport with the requirements of Court of Appeals Rule 25 (a). It does not "contain a succinct and accurate statement of the proceedings below and the material facts relevant to the appeal," nor does it state "the method by which each enumeration of error was preserved for consideration" on appeal. Additionally, and most frustrating to our review, Ross fails to cite authority or present argument in support of the 18 enumerations of error. As this Court has noted in the past, "[s]uch briefs hinder this [C]ourt in determining the substance and basis of an appellant's contentions both in fact and in law and may well prejudice an appellant's appeal regardless of the amount of leniency shown" to a pro se appellant.[3] Accordingly, Ross's enumerations of error are deemed abandoned under Court of Appeals Rule 25 (c) (2); she has waived appellate review of these claimed errors; and we will not consider them.[4]

3. Ross's motion for contempt, asking this Court to strike the state's brief and fine the assistant district attorney and/or revoke his license to practice law, is denied.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JULY 16, 2009 —
RECONSIDERATION DENIED AUGUST 18, 2009.

Claretha Ross, *pro se.*

*Kenneth B. Hodges III, District Attorney, Nicholas E. Deeb, Gregory W. Edwards, Assistant District Attorneys*, for appellee.

---

[2] Court of Appeals Rule 25 (a).

[3] *Salazar v. State*, 256 Ga. App. 50 (567 SE2d 706) (2002).

[4] *Slmbey v. State*, 288 Ga. App. 717, 718 (655 SE2d 223) (2007).