## A09A2039. HEAD v. THE STATE.
### (693 SE2d 845)

BERNES, Judge.

Following a bench trial, Barry Scott Head was convicted of driving while under the influence of any drug to the extent that it was less safe for him to drive, in violation of OCGA § 40-6-391 (a) (2). He was also convicted of driving with a controlled substance in his blood, in violation of OCGA § 40-6-391 (a) (6), although that conviction was merged into his DUI-less safe conviction. On appeal, Head contends both that the evidence was insufficient to support his DUI-less safe conviction, and that OCGA § 40-6-391 (a) (6) violates the equal protection clause of the Fourteenth Amendment of the United States Constitution. We conclude that the evidence was insufficient to support Head's DUI-less safe conviction, and therefore reverse his conviction on that charge. We further reject Head's constitutional challenge to OCGA § 40-6-391 (a) (6), and therefore affirm that conviction. Nonetheless, since Head's OCGA § 40-6-391 (a) (6) conviction was merged into his DUI-less safe conviction for sentencing purposes, we remand this case to the trial court for resentencing so that Head can be sentenced on the merged offense.

> On appeal from a bench trial, we view the evidence in favor of the factfinder's conclusion, giving due regard to the trial court's opportunity to judge witness credibility. We no longer presume the defendant is innocent, but only determine if the evidence is sufficient to sustain the convictions.

(Citation and punctuation omitted.) *Landine v. State*, 295 Ga. App. 761, 761-762 (673 SE2d 124) (2009). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So construed, the evidence showed that on April 15, 2007 at approximately 1:45 a.m., Head was involved in a traffic accident in which he collided with the broadside of a charter bus that had attempted to make a left hand turn across Head's lane of traffic. Although the bus driver received a traffic infraction and was faulted with the accident, the responding officer's suspicions were raised when he smelled the odor of an alcohol beverage coming from Head as Head was being treated at the scene by emergency medical personnel. Upon further investigation, the officer noted that Head

had a clear line of sight and what appeared to be time to avoid the accident, yet he saw no evidence that Head attempted to stop prior to the collision and had made only a last moment attempt to swerve. The officer also learned that Head had been at a social function immediately prior to the accident.

Based upon this information, the officer believed Head to be intoxicated; he read Head his implied consent rights and obtained Head's consent to submit to a state-administered blood test. Head admitted at that time that he had consumed alcohol earlier in the evening. The officer thus issued Head a citation for driving under the influence of alcohol to the extent it was less safe, pursuant to OCGA § 40-6-391 (a) (1).

The resulting lab report was negative for alcohol, but indicated the presence of alprazolam and benzoylecgonine, a cocaine metabolite. Consequently, Head was accused of DUI-less safe, in violation of OCGA § 40-6-391 (a) (2), and driving with any amount, including the metabolites and derivatives, of a controlled substance present in his blood, in violation of OCGA § 40-6-391 (a) (6). Prior to trial, Head filed a general demurrer asserting that, to the extent that OCGA § 40-6-391 (a) (6) treats legal and illegal cocaine users differently, it is unconstitutional. The trial court denied the demurrer[1] and subsequently convicted Head of the charged offenses following a bench trial.[2] The trial court then merged Head's OCGA § 40-6-391 (a) (6) conviction into the DUI-less safe conviction for sentencing.

1. Head argues that the evidence was insufficient to support his conviction of DUI-less safe. We agree.

To sustain a conviction of DUI-less safe, it is not sufficient to show merely that Head was driving after having ingested, at some point in time, alprazolam and cocaine. Rather, the state must prove that Head "was a less safe driver *as a result of* being under the influence of [these drugs]." (Citation and punctuation omitted; emphasis in original.) *Ricks v. State*, 255 Ga. App. 188, 190 (564 SE2d 793) (2002). See also *State v. Ellison*, 271 Ga. App. 898, 902 (3) (b) (611 SE2d 129) (2005) ("Mere presence of [drugs] is not the

---

[1] Head filed an application for interlocutory appeal of the trial court's order denying the demurrer in the Supreme Court. The Supreme Court stated that it had already addressed the constitutionality of the statute in question, see *Love v. State*, 271 Ga. 398 (517 SE2d 53) (1999), and further noted that this Court had previously applied the *Love* holding to facts similar to those presented by Head, see *Keenum v. State*, 248 Ga. App. 474 (546 SE2d 288) (2001), cert denied, 248 Ga. App. 901 (Sept. 7, 2001). The Supreme Court transferred the application to this Court after concluding that "[Head] simply contends that the evidence in his case requires a different result." This Court thereafter denied the application.

[2] In accordance with the parties' stipulation, the trial court conducted the bench trial using the transcript from the hearing on the demurrer.

issue. . . . [T]he [s]tate must prove that the defendant had impaired driving ability as a result of [the drugs].") (punctuation and footnote omitted); *Bowen v. State*, 235 Ga. App. 900, 901-902 (510 SE2d 873) (1999). Cf. *State v. Rish*, 295 Ga. App. 815, 816 (673 SE2d 259) (2009) ("If the evidence shows only that a driver is intoxicated and does not show that his consumption of alcohol [or drugs] has impaired his ability to drive, there is no probable cause to arrest for DUI-less safe.").

Here, the state presented evidence that Head had alprazolam and a cocaine metabolite in his blood, and further presented the officer's opinion testimony that Head should have been able to avoid the collision, although the bus driver — not Head — was cited with the traffic infraction. But the record contains no evidence tending to explain the significance of the alprazolam and cocaine metabolite present in Head's blood, i.e., whether the quantity of the drugs was considered sizeable; whether the quantities indicated recent or merely past usage of the drugs;[3] or what effect the level of drugs found in Head's blood would have on the average person, specifically whether those drugs would cause any physical and/or mental impairment. Significantly, Head elicited expert testimony that the presence of benzoylecgonine in one's blood "is not indicative of any impairment because it is the after-effect" of cocaine.

It follows that, since the record is completely devoid of any evidence tending to show that Head was a less safe driver as a result of being under the influence of alprazolam and cocaine, we must reverse his conviction on this count. See generally *Ricks*, 255 Ga. App. at 190; *Bowen*, 235 Ga. App. at 901-902; *Webb v. State*, 223 Ga. App. 9, 10-11 (476 SE2d 781) (1996). Compare *Morris v. State*, 210 Ga. App. 617, 618 (1) (436 SE2d 785) (1993). Cf. *Camarata v. State*, 188 Ga. App. 41, 43 (2) (371 SE2d 885) (1988).

2. The reversal of Head's conviction of DUI-less safe renders it necessary to address his argument as to the merged conviction of driving with a controlled substance in his blood in violation of OCGA § 40-6-391 (a) (6). Head asserts that the trial court erred in denying his demurrer raising a constitutional challenge to OCGA § 40-6-391 (a) (6). He contends the statute is violative of equal protection in that it arbitrarily distinguishes between those who are legally[4] entitled to use cocaine and those who are not. See

---

[3] There was evidence presented that cocaine metabolites can be detected in a urine sample for up to 48 hours after the ingestion of cocaine.

[4] Head presented evidence that eye drops containing cocaine hydrochloride, a solution form of cocaine otherwise used illicitly, may lawfully be used by ophthalmologists conducting certain types of surgical and diagnostic procedures.

OCGA § 40-6-391 (a) (6), (b).[5] This case is directly controlled by *Keenum v. State*, 248 Ga. App. 474, 475 (2) (546 SE2d 288) (2001). We therefore reject Head's constitutional challenge.

*Judgment affirmed in part and reversed in part, and case remanded. Smith, P. J., and Phipps, J., concur.*

DECIDED MARCH 18, 2010 —
RECONSIDERATION DENIED APRIL 7, 2010 —

*Allen M. Trapp, Jr.*, for appellant.
*Douglas C. Vassy, Solicitor-General*, for appellee.

---

[5] OCGA § 40-6-391 (b) provides:

> The fact that any person charged with violating this Code section is or has been legally entitled to use a drug shall not constitute a defense against any charge of violating this Code section; provided, however, that such person shall not be in violation of this Code section unless such person is rendered incapable of driving safely as a result of using a drug other than alcohol which such person is legally entitled to use.