## A10A2197. SANDLIN v. THE STATE.
(707 SE2d 378)

MIKELL, Judge.

After a jury trial, Jason Allen Sandlin was acquitted of driving under the influence of drugs to the extent that he was less safe,[1] and was convicted of driving under the influence of a controlled substance[2] and failure to maintain lane. Sandlin was also charged with, and pled nolo contendere to, possession of marijuana. On appeal,

---

[14] (Footnote omitted.) Id. at 193 (1).

[15] Id.

[1] OCGA § 40-6-391 (a) (2). The drugs identified in the accusation were alprazolam and marijuana.

[2] OCGA § 40-6-391 (a) (6). The controlled substance named in the accusation was alprazolam.

Sandlin argues that the trial court committed three errors: (1) it denied his motion to suppress; (2) it overruled his demurrer challenging the constitutionality of OCGA § 40-6-391 (a) (6); and (3) it entered a judgment of conviction on the violation of OCGA § 40-6-391 (a) (6). Because this case is governed by *Love v. State*,[3] which held that OCGA § 40-6-391 (a) (6) was unconstitutional on equal protection grounds, we reverse Sandlin's conviction on this charge.

1. The record shows that David Golz, a forensic toxicologist employed by the Georgia Bureau of Investigation, testified that Sandlin's blood contained metabolites of marijuana and alprazolam, which is commonly referred to as Xanax. Golz testified that alprazolam, a Schedule IV drug,[4] is a controlled substance that acts as a central nervous system depressant, and is only available through prescription.

OCGA § 40-6-391 (a) (6) provides that a person with any amount of marijuana or a controlled substance in his or her urine or blood can be convicted of driving under the influence. Under OCGA § 40-6-391 (b), however, a person who legally uses a controlled substance can only be convicted of DUI if that person "is rendered incapable of driving safely as a result of using a drug other than alcohol which such person is legally entitled to use."[5] Therefore, Sandlin maintains that the statute denies him equal protection under the law because it disparately treats legal and illegal users of alprazolam.

The same argument was made in *Love*,[6] in which our Supreme Court held that OCGA § 40-6-391 (a) (6) was unconstitutional as it pertained to persons with detectable levels of marijuana in their systems.[7] The Court explained that the legislative distinction between users of legal and illegal marijuana was not directly related to the public safety purpose of the legislation.[8] Therefore, it concluded that the statute was arbitrarily drawn and was an unconstitutional denial of equal protection.[9] The Court reversed the defendant's conviction. The same result is warranted here because alprazolam is also a controlled substance that can be legally prescribed.[10] The state

---

[3] 271 Ga. 398 (517 SE2d 53) (1999).

[4] See OCGA § 16-13-28 (a) (1).

[5] OCGA § 40-6-391 (b).

[6] Supra.

[7] Id. at 402-403 (3).

[8] Id. at 403 (3).

[9] Id.

[10] See *Doster v. State*, 259 Ga. App. 605, 607, n. 2 (578 SE2d 262) (2003) (demurrer to DUI charge granted based upon *Love*, supra, where defendant tested positive for the presence of amphetamine, a Schedule II drug (OCGA § 16-13-26 (3) (A)). Compare *Keenum v. State*, 248

maintains that Sandlin was required to show that he was legally authorized to use the alprazolam, but *Love*[11] does not require such a showing to assert an equal protection challenge to the statute. Thus, Sandlin's conviction of violating OCGA § 40-6-391 (a) (6) cannot stand.

2. In light of our holding in Division 1, we need not address Sandlin's remaining enumeration of error.

*Judgment reversed. Smith, P. J., and Adams, J., concur.*

DECIDED JANUARY 19, 2011.

*Stemberger, Cummins & Arnall, D. Scott Cummins, Allen M. Trapp, Jr.*, for appellant.

*Robert Stokely, Solicitor-General, Stephen J. Tuggle, Assistant Solicitor-General*, for appellee.

---

Ga. App. 474, 475 (2) (546 SE2d 288) (2001) (OCGA § 40-6-391 (a) (6) is not unconstitutional when applied to those convicted of driving with a detectable level of cocaine in their systems because "there would never be an instance of a 'legal cocaine user' "). Accord *Head v. State*, 303 Ga. App. 475, 477-478 (2) (693 SE2d 845) (2010) (same).

[11] Supra.