35776. BYARS *v.* THE STATE.

DECIDED JULY 14, 1955.

*Bobby Lee Cook,* for plaintiff in error.
*Earl B. Self, Solicitor-General,* contra.

GARDNER, P. J. ■ We shall first consider whether or not the trial court erred in overruling the demurrer to the indictment. Counsel for the defendant states in his brief that the only parts of the demurrer to each count in the indictment which are seriously contended for are paragraph III and paragraph IV thereof. Paragraph III reads: "Defendant demurs specially to that part of count 1 in said indictment which alleges: 'And did operate the said automobile on said Georgia Highway No. 48 at said time at a rate of speed in excess of 60 miles per hour.'" Error is assigned on the overruling of this demurrer as follows: "(a) The Uniform Act Regulating Traffic on Highways (Ga. L. 1953, pp. 556-623), Sec. 54, provides that 'In every charge of violation of any speed regulation in this Act the accusation, indictment, or complaint, also the summons or notice to appear, shall specify the speed at which the defendant is alleged to have driven, also the lawful speed applicable within the district or at the location." It is contended that this portion of the Uniform Traffic Act makes it incumbent upon the State to allege and specify the precise and exact speed at which the defendant was driving, and that the allegation that the defendant did not conform to said section does not meet these requirements. It is further contended (b) that said allegation should be stricken from the indictment because of indefiniteness and vagueness, in that the defendant was not put on notice as to the exact speed which he was alleged to be driving.

Counsel admits in his brief that paragraph IV is precisely the same as paragraph III, but that paragraph IV applies to count 2. The exceptions are the same also, as counsel admits. Counsel for the defendant cites no authority to sustain this position.

Count 1 was drawn, properly, under the provisions of Code § 26-1002. See the many annotations and citations thereunder, under catchword "indictment". See also *Wells* v. *State,* 210 *Ga.* 422 (80 S. E. 2d 153). Count 2 was drawn, properly, under the provisions of Code § 26-1009. It seems to us that the indictment is more specific than we usually find; that both counts are amply sufficient to withstand the demurrers thereto.

■ We do not pass upon the general grounds, since the case may be tried again.

■ Special ground 1 complains because the court erred in

charging the jury as follows: "I might state this while I have the indictment in my hand, the defendant is charged with having been driving while under the influence of various different items—under the influence of intoxicating liquors, wines, beers and opiates. If the allegations of the indictment are otherwise shown, it is only necessary for you to find that the defendant, as far as that part of it is concerned, was under the influence of intoxicating liquors, or wines or beers or opiates; you don't have to find all of them." It is contended that the court did not define the term "under the influence." There was no timely written request to so charge. The court did not err in failing to so charge, under the ruling in *Harper* v. *State,* 91 *Ga. App.* 456 (86 S. E. 2d 7) wherein it is stated: "One is under the influence of intoxicants within the meaning of Code (Ann. Supp.) § 68-307 when it appears that it is less safe for such person to operate a motor vehicle than it would be if he were not so affected, and it is error for the trial court to charge that one may be convicted of driving under the influence of intoxicants if it appears that he is under the influence of intoxicants to any extent whatsoever."

■ Special ground 2 complains because the court charged as follows: "Now, it's a principle of law that the unlawful act referred to as charged, must be such an act as proximately caused the death, unlawful act which proximately resulted in the death of the person killed. That brings up the question of proximate cause, which is in connection with the subject of negligence. Negligence to be the proximate cause of any injury must be such that a person of ordinary caution or prudence would have foreseen that some injury would likely occur therefrom, not that the specific injury would result." In view of other portions of the charge, this excerpt shows no cause for reversal. See *Overman* v. *State,* 187 *Ga.* 396 (1 S. E. 2d 20), and *Trippe* v. *State,* 73 *Ga. App.* 322 (36 S. E. 2d 121).

■ Special ground 3 complains because the court erred in charging as follows: "The traffic law was passed a few months ago by the legislature and passed before the date of this alleged homicide and was in force at the time. On the subject of speed limits, gentlemen, general speed restrictions: 'No person shall drive a vehicle on a street or highway at a speed greater than is reasonable and prudent under the conditions and having regard

■

to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.' Now gentlemen, you will disregard that so far as there being any specific allegations that that part of it was not complied with."

The excerpt of which complaint is made in special ground 4 also refers to the new traffic code. That excerpt reads: "The court will give you a portion of section 68-1610 of the same new traffic laws as appears there in the Code; subsection (c) is as follows: 'The disregard or disobeyance of the instructions of any official traffic-control device or signal placed in accordance with the provisions of this law, by the driver of a vehicle, without requiring proof of who and by what authority such sign or device has been erected.' It will be for the determination of the jury as to whether or not the State has met the requirements of proof under that particular portion of that section."

This court is of the opinion that these excerpts did not tend to confuse the jury, in view of other portions of the charge. These grounds show no reversible error.

■ Special ground 5 complains because the court refused to allow a witness for the State to answer the following question on the theory that such answer would be hearsay: "Well, you know that; you found that out later, didn't you?" This question referred to the condition of the defendant. This court is of the opinion that the refusal of the court to allow the question to be answered did not harm the defendant and was not reversible error.

■ Special grounds 6 and 7 show no cause for reversal.

The court erred in its ruling as to special ground 1. The remaining special grounds are without merit. The court did not err in overruling the demurrers.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*