A92A0902. BROOKER v. THE STATE.
(426 SE2d 39)

Carley, Presiding Judge.

After a bench trial, appellant was found guilty of speeding. He appeals from the judgment of conviction and sentence entered by the trial court on its finding of guilt.

1. Over objection, the trial court admitted evidence of speed obtained by use of a radar speed detection device operated by a Cobb County law enforcement officer. Appellant enumerates this ruling as error, contending that the State failed to lay a proper foundation for admission of the evidence in accordance with the requirements of OCGA § 40-14-1 et seq.

County, municipal, and campus law enforcement officers "may use speed detection devices only if the governing authorities of [their respective jurisdictions] . . . shall apply to the Department of Public Safety [(DPS)] for a permit to use such devices in accordance with [OCGA § 40-14-1 et seq.]." OCGA § 40-14-2 (a). In the instant case, the State submitted copies of DPS permits issued to the Cobb County Board of Commissioners "for the use of a speed detection device at [certain specifically] authorized location(s). . . ." These permits, to which no objection was raised, were signed by the Commissioner of DPS. The Commissioner of DPS is a public officer and is "presumed to discharge [his] duties properly, and [his signature] speak[s] with verity as to the same. [Cit.] Thus, the [DPS permits] are presumed to speak with verity. [Cit.]" *Oller v. State*, 187 Ga. App. 818, 820 (2) (371 SE2d 455) (1988). See also *Mash v. State*, 168 Ga. App. 491, 492 (2) (309 SE2d 673) (1983).

According to the DPS permits, the Cobb County Board of Commissioners had "submitted an application in proper form for a permit for the use of a speed detection device at [certain specified] location(s). . . ." Thus, the DPS permits constitute presumptive evidence of compliance with OCGA § 40-14-3 (a), which provides: "The gov-

erning authority of any county . . . may apply to [DPS] for a permit to authorize the use of speed detection devices for purposes of traffic control within such counties . . . on streets, roads, and highways, provided the . . . county . . . shall name the street or road on which the device is to be used and the speed limits on such street or road shall have been approved by the Division of Traffic Engineering and Safety of the Department of Transportation."

The DPS permits also provide that the Cobb County Board of Commissioners had shown "compliance with all applicable laws, rules and regulations. . . ." Thus, the DPS permits would likewise constitute presumptive evidence of compliance with that portion of OCGA § 40-14-4 which provides that "[n]o . . . county . . . law enforcement agency may use speed detection devices unless the agency possesses a license in compliance with Federal Communications Commission [(FCC)] rules. . . ." Appellant's reliance upon *Wiggins v. State*, 249 Ga. 302, 304 (2) (290 SE2d 427) (1982) as authority for the proposition that the State must produce the actual FCC license is misplaced. The actual FCC license was produced in *Wiggins*, but the issue there was evidence of speed obtained by a radar speed detection device operated by a *state* law enforcement officer. Although a state law enforcement agency is required to obtain the same FCC license as a county law enforcement agency, it is not required to obtain the DPS permit that the county must secure pursuant to OCGA § 40-14-2 (a). Accordingly, in a case where the radar detection device was operated by a *state* officer, the DPS permit cannot be relied upon as presumptive evidence of "compliance with all applicable laws, rules and regulations," including the requirement that an appropriate FCC license has been obtained by the state law enforcement agency. Because the instant case involves a radar detection device operated by a *county* officer, however, the DPS permit that was issued to the Cobb County Board of Commissioners "for the use of a speed detection device" can be relied upon as presumptive evidence of "compliance with all applicable laws, rules and regulations" regarding that use and, therefore, the actual FCC license need not be produced to demonstrate that compliance.

OCGA § 40-14-4 also requires that "each device, before being placed in service and annually after being placed in service, [be] certified for compliance by a technician possessing a certification as required by [DPS]." As in *Wiggins*, evidence of the manufacturer's certification for accuracy was introduced in the instant case. Accordingly, here, as in *Wiggins*, supra at 306 (2c), the manufacturer's certification serves "as a memorandum of the accuracy of the equipment 'before being placed in service,' a part of [the] requirement [of OCGA § 40-14-4]. [Cits.]" The "other part" of the requirement of OCGA § 40-14-4 regarding annual certification is inapplicable

in the instant case because a year had not passed since this particular radar detection device had first been placed in service.

Moreover, the only issue in *Wiggins* was the *admissibility* of certain evidence to establish the foundation. *Wiggins* does not purport to establish the *manner* in which the foundation must be proved. Nothing in *Wiggins* suggests that compliance with the certification requirements of OCGA § 40-14-4 cannot be proved by reliance upon the evidentiary presumption " ' "that a public officer has done his duty, and his official duties will be presumed to have been done rightly until the contrary is shown. (Cit.)" (Cit.) Accordingly, there [would appear to be] a presumption in this and in all other cases arising under (the relevant Code sections) that the [appropriate public official] has caused the instrument used to [detect speed by radar] to be checked . . . for calibration.' [Cits.]" *Calloway v. State*, 191 Ga. App. 383, 384 (1) (381 SE2d 598) (1989).

Appellant raises no other challenge to the sufficiency of the foundation laid for admission of the evidence. It follows that the trial court correctly overruled appellant's objection to the introduction of evidence of speed obtained by use of a radar speed detection device.

2. A rational trior of fact could reasonably have found from the evidence adduced below proof of appellant's guilt of exceeding the posted speed limit beyond a reasonable doubt. *Brown v. State*, 204 Ga. App. 629 (420 SE2d 35) (1992); *Gray v. State*, 156 Ga. App. 117, 118 (2) (274 SE2d 115) (1980). Accordingly, the general grounds are without merit.

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED NOVEMBER 20, 1992 —
RECONSIDERATION DENIED DECEMBER 3, 1992

*Schreeder, Wheeler & Flint, J. Christopher Desmond*, for appellant.

*Patrick H. Head, Solicitor, Susan M. Miller, Assistant Solicitor*, for appellee.