## A00A2225. WOODRUFF v. THE STATE.
(541 SE2d 99)

MILLER, Judge.

Convicted of trafficking in cocaine, Edward Woodruff appeals on two grounds: (1) the evidence was insufficient, and (2) the court erred in accepting an officer as an expert in narcotics deals and allowing him to testify why more than one person may be involved on the seller's side of a large drug transaction. Since the evidence amply supported the conviction, and since the officer did not render an expert opinion but only testified as to why two people were involved as sellers in this particular sale, we affirm.

1. When sufficiency of the evidence is raised, the question on appeal is whether, based on the evidence presented, a rational trier of fact could have found the accused guilty of the charged crime beyond a reasonable doubt.[1] We construe the evidence in favor of the verdict.[2]

So construed, the evidence showed that two undercover officers testified that co-indictee John Tate and Woodruff met with one of the officers and negotiated the sale of three kilos of cocaine to the officer. Woodruff told the officer, "we'll be right back with the package." Woodruff and Tate returned minutes later, and Woodruff handed the officer a bag containing a box holding one and one-half kilos of cocaine. The officer asked Woodruff where the drugs were, and Woodruff responded that they were in the box. The officer opened the box in plain view of Woodruff, who expressed no surprise when the contraband was revealed. An arrest immediately followed.

Tate corroborated this evidence, testifying that Woodruff helped negotiate the deal, that Woodruff was a supplier of drugs, that Woodruff arranged for and received the package of cocaine at a nearby gas station, that Woodruff confirmed to Tate that the package contained one and one-half kilos of cocaine because three kilos were not available, and that Woodruff handed the bag to the undercover officer. Woodruff's argument on appeal that no evidence showed he knew what was in the bag is refuted by the record. This evidence suffices to sustain Woodruff's trafficking conviction.[3]

2. Woodruff's remaining two enumerations claim that the court erred in accepting the second undercover officer, Agent Andris, as an expert and then allowing him to testify why it would not be unusual for a person to accompany the seller in a large drug transaction. Both

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] *Hall v. State*, 235 Ga. App. 44, 45 (1) (508 SE2d 703) (1998).

[3] *Wyatt v. State*, 259 Ga. 208 (1) (378 SE2d 690) (1989); see OCGA § 16-13-31 (a) (1) ("[a]ny person who knowingly sells, manufactures, delivers, or brings into this state or who is knowingly in possession of 28 grams or more of cocaine . . . commits the felony offense of trafficking in cocaine. . . .").

of these enumerations miss the mark, for Agent Andris did not testify as an expert that generally one could expect more than one person on the seller's side of a large drug transaction. Rather, he testified as a fact witness as follows:

> Q. Was it unusual, sir, or did you find it unusual that Mr. Tate arrived at the location with someone else?
> A. No, sir.
> [Objection.]
>
> . . .
>
> Q. Agent Andris, between yourself and all of the other agents who were there at the location, who did you expect to come to the location to deliver the drugs?
> A. John Tate.
> Q. Did you find it unusual that Mr. Tate arrived at that location with someone else?
> [Objection.]
> A. No. Through prior conversation on the phone with the confidential source, she asked him if he was bringing anybody and at first he said no and then he said his money man.

This testimony was not expert opinion but was a recounting of the facts pertaining to this particular transaction as to why Agent Andris, an eyewitness, did not find it unusual that Woodruff accompanied Tate. Thus, Woodruff's complaints about Agent Andris's expert qualifications and about his alleged giving of improper expert testimony on large drug transactions are without merit.[4]

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 24, 2000.

*Juwayn N. Haddad*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.

---

[4] See *Ward v. State*, 271 Ga. 648, 652-653 (5) (520 SE2d 205) (1999); *Hicks v. State*, 145 Ga. App. 669 (2) (244 SE2d 597) (1978); cf. *Carnes v. Woodall*, 233 Ga. App. 797, 798-799 (1) (505 SE2d 537) (1998).