A03A0294. DEPARTMENT OF TRANSPORTATION v. WATTS et al.
(581 SE2d 410)

JOHNSON, Presiding Judge.

The question in this wrongful death action brought against the Georgia Department of Transportation is whether the Department is entitled to sovereign immunity. We find that the Department is entitled to sovereign immunity, and therefore reverse the trial court's denial of the Department's motion to dismiss on that ground.

On May 4, 1998, Tracy Richardson was driving his pickup truck on State Route 1/U. S. Highway 27 in Early County. Richardson was allegedly traveling at a speed of about 45 mph, within the posted speed limit of 50 mph, when a two-and-one-half-year-old girl ran onto the road. He slammed on his brakes, but was unable to avoid hitting the child. She was severely injured and eventually died from the injuries.

Tena Watts, the girl's mother, sued the Georgia Department of Transportation for the wrongful death of her child. Watts' complaint alleges that the Department was negligent in posting the 50-mph speed limit on the stretch of roadway where the accident occurred, and that the proper speed limit should have been 35 mph because of the number of residences and pedestrians in that area. The Department moved to dismiss the complaint on the ground that it is entitled to sovereign immunity under OCGA § 50-21-24 (5), which shields the state from liability for quasi-legislative acts.[1] The trial court denied the motion, and this court granted the Department's application for interlocutory review of that ruling.

Under the Georgia Constitution, sovereign immunity extends to the state and all of its departments, and may be waived only by a legislative act.[2] The Georgia Tort Claims Act provides a limited waiver of sovereign immunity for torts committed by state employees acting in the scope of their employment, but there are exceptions to the waiver.[3] One of those exceptions is found in OCGA § 50-21-24 (5),

---

[1] Although the Department also cited OCGA § 50-21-24 (4) in support of its sovereign immunity claim, it concedes in its reply brief that the pertinent Code section is OCGA § 50-21-24 (5). We therefore limit our analysis to that Code section.

[2] *Bd. of Public Safety v. Jordan*, 252 Ga. App. 577, 583 (1) (556 SE2d 837) (2001).

[3] Id.

which provides that the state shall have no liability for losses resulting from administrative action of a quasi-legislative nature.

The dispositive issue in this case is whether the Department's setting of the speed limit on the road where the accident took place was a quasi-legislative action. If it was, then the Department is shielded from liability under OCGA § 50-21-24 (5); but if it was not, then the exception to the waiver of sovereign immunity under that Code section would not apply. We hold that the setting of the speed limit was a quasi-legislative action.

The term "quasi" means *as if* or *analogous to*, while "legislative" refers to *the making of laws*.[4] So the term "quasi-legislative" as used in OCGA § 50-21-24 (5) refers to administrative action that is analogous to the making of laws. Our Supreme Court has described the concept of quasi-legislative functions this way: "We also have another type of laws which are enacted by the General Assembly but authorize some designated authority as an administrative body to exercise quasi-legislative functions, and to adopt rules and regulations to carry the law into effect and to provide details therefor."[5]

In regard to the setting of speed limits on state roads, the General Assembly has enacted just this sort of law authorizing an administrative body to exercise quasi-legislative functions. In OCGA § 40-6-181, the General Assembly has set forth the maximum speed limits for various types of roads in the state. For example, that Code section specifies speed limits of 30 mph in urban or residential districts, 70 mph on interstate highways outside of urbanized areas, 65 mph on interstate highways inside urbanized areas, and 55 mph in other locations.[6] But the Code section goes on to provide that the speed limits which it sets forth may be altered as authorized in OCGA § 40-6-182.[7]

OCGA § 40-6-182 provides that the commissioner of public safety and the commissioner of the transportation department may set the speed limit on any part of the state highway system based on the conditions in that area.

> Whenever the commissioner of public safety or the commissioner of transportation shall determine upon the basis of an engineering and traffic investigation that any maximum speed set forth in this article is greater or less than is reasonable or safe under the conditions found to exist at any intersection or other place or upon any part of the state

---

[4] Black's Law Dictionary (rev. 4th ed.).
[5] *Long v. State*, 202 Ga. 235, 237 (42 SE2d 729) (1947).
[6] OCGA § 40-6-181 (b).
[7] OCGA § 40-6-181 (c).

highway system, they may jointly determine and declare a reasonable and safe maximum speed limit at such place, which shall be effective when appropriate signs giving notice thereof are erected. Such a maximum speed limit may be declared to be effective at all times as are indicated upon such signs; and differing limits may be established for different times of day, different varying weather conditions, and other factors bearing on safe speeds, which shall be effective when posted upon appropriate fixed or variable signs. In no case shall the maximum speed limit for any highway be established at higher than the maximum speed limits set forth in Code Section 40-6-181 for that type of highway.[8]

OCGA §§ 40-6-181 and 40-6-182 are laws which plainly authorize the Department of Transportation to exercise the quasi-legislative function of adopting rules — i.e., establishing speed limits on state highways — which carry the maximum speed limit law into effect and provide detail for it.[9] In other words, the Department's administrative actions of determining and establishing the appropriate speed limit for a particular roadway based on various conditions are analogous to the legislative act of making law.

Pursuant to the authority granted to them by the General Assembly, the commissioners of transportation and public safety determined the reasonable and safe speed limit for the section of State Route 1/U. S. Highway 27 where the accident in question occurred. As directed by OCGA § 40-6-182, the commissioners based their determination on an engineering and traffic report made by the Department of Transportation, and they issued a joint order establishing the speed limit for that part of the highway at 50 mph.

Because the Department's establishment of that speed limit was a quasi-legislative action, the Department cannot, pursuant to OCGA § 50-21-24 (5), be held liable for losses resulting from such action. Accordingly, the trial court erred in denying the Department's motion to dismiss the action based on sovereign immunity.[10]

*Judgment reversed. Eldridge and Mikell, JJ., concur.*

DECIDED APRIL 16, 2003.

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Dep-*

---

[8] OCGA § 40-6-182.

[9] See *Long*, supra.

[10] See generally *Dept. of Transp. v. Bishop*, 216 Ga. App. 57, 58 (1) (453 SE2d 478) (1995) (trial court erred in denying summary judgment to Department which, under OCGA § 50-21-24 (9), could not be held liable for losses resulting from its approval of construction of a decorative wall at a state route intersection).

*uty Attorney General, Loretta L. Pinkston, Senior Assistant Attorney General, Jennifer L. Dalton, Assistant Attorney General,* for appellant.

*Robert M. Beauchamp,* for appellees.