603 S.E.2d 488 (2004)
269 Ga. App. 89
In the Interest of B.D.S., a child.
No. A04A1492.
Court of Appeals of Georgia.
August 11, 2004.
Brittany Switlick, Acworth, pro se.
Garry Moss, District Attorney, Wallace Rogers, Assistant District Attorney, for appellee.
MIKELL, Judge.
After a bench trial in Cherokee County Juvenile Court, B.D.S., a minor, was convicted of speeding in violation of OCGA § 40-6-181. Appearing pro se, B.D.S. appeals her conviction, challenging several evidentiary rulings made by the trial court. For the reasons stated below, we affirm.

*489 On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict, and the presumption of innocence no longer applies. An appellate court does not weigh the evidence or judge the credibility of witnesses, but only determines whether the adjudication of guilt is supported by sufficient competent evidence. In bench trials, the findings of the trial court will not be set aside unless clearly erroneous and regard must be given to the trial court's opportunity to assess the credibility of the witnesses.[1]
The record shows that at approximately 8:37 p.m. on October 13, 2003, Sergeant Michael Pendergast of the Cherokee County Sheriff's Office observed B.D.S. driving between 50 and 55 mph on Kellogg Creek Road. Kellogg Creek Road is 5.15 miles in length, and the posted speed limit for the entire road is 35 mph. After first observing B.D.S.'s vehicle's speed, he targeted the vehicle with his laser detection device and confirmed that the vehicle was traveling at 52 mph.
Sergeant Pendergast testified that he was the sergeant in charge of the traffic unit, had been employed as an officer for almost 11 years, and was POST certified. Further, based upon his experience in observing vehicles in motion, his personal driving experience, and his law enforcement training in enforcing speed laws, he was able to estimate fairly the speed of a motor vehicle by observing it in motion. Sergeant Pendergast also identified the type of laser device that he utilized that day as a Kustom ProLaser III and testified that he was personally licensed to operate the device, that it was approved for use by the Department of Public Safety ("DPS"), that he had tested it in accordance with the manufacturer's recommendations before and after his tour of duty on that day, and that he recorded the results in his log. Sergeant Pendergast issued B.D.S. a citation for speeding.
At the conclusion of the bench trial, the trial court found B.D.S. guilty of speeding and fined her $125.
1. In her first enumerated error, B.D.S. argues that the trial court erred by admitting the officer's testimony that he visually estimated B.D.S.'s speed without giving any facts to support his estimation. B.D.S. contends that since the traffic stop occurred at night on an unlit county road, the officer was simply unable to predict her speed accurately. This argument fails.
In Stone the arresting officer estimated the defendant's speed at 73 or 74 mph at 2:00 a.m. then confirmed it with radar.[2] The trial court excluded the radar detection evidence but admitted the officer's visual estimation, holding that "[a]n officer's estimate of speed is sufficient to support a conviction on a speeding violation."[3] Therefore, we find no error in the trial court's admission of the officer's opinion testimony.
2. Next, B.D.S. argues that the officer unlawfully operated the laser speed detective device within 600 feet of a reduction in speed limit sign, in violation of OCGA § 40-14-9.[4] Sergeant Pendergast testified that he was at least 600 feet from the speed limit sign. However, B.D.S. argues that the test is the location of her vehicle with respect to the sign, rather than the officer's vehicle. Pretermitting whether B.D.S.'s argument has merit, "the admission of the [laser] results in this case is cumulative of the officer's visual estimation of [B.D.S.'s] speed and is sufficient to support the conviction for speeding. *490 Accordingly, the court could find that [B.D.S.] was speeding beyond a reasonable doubt."[5]
3. In her last two enumerations of error, B.D.S. argues that the trial court erred by admitting the laser detection evidence because the device was not certified in accordance with OCGA § 40-14-4 and its accuracy was not determined by a "moving standard test." We disagree.
The certification requirements of OCGA § 40-14-4 do not apply to laser detection devices.[6] Instead, the admissibility of evidence of speed obtained by a laser detection device is governed by OCGA § 40-14-17. The only foundation required for the entry of such evidence is the introduction into evidence of a certified copy of the DPS's list of approved laser speed detection devices.[7] In this case, the list of approved devices was introduced into evidence, and the device utilized by Sergeant Pendergast was included on the list. It does not appear from the record that the list was certified, but no objection thereto was raised. However, had B.D.S. raised an objection thereto that resulted in the exclusion of the laser speed detection evidence, the trial court would still have been authorized to convict B.D.S. based solely on Sergeant Pendergast's visual estimation of her speed.[8] Accordingly, these enumerations also fail.
Judgment affirmed.
BLACKBURN, P.J., and BARNES, J., concur.
NOTES
[1] (Citations and punctuation omitted.) Stone v. State, 257 Ga.App. 492, 492-493, 571 S.E.2d 488 (2002).
[2] Id. at 493, 571 S.E.2d 488.
[3] (Citation omitted.) Id. at 493(1), 571 S.E.2d 488. See Harris v. State, 210 Ga.App. 366, 368(3), 436 S.E.2d 231 (1993); Brown v. State, 204 Ga.App. 629, 420 S.E.2d 35 (1992) ("[o]pinion testimony of an eyewitness may be used to establish speed, its credibility being for the [fact-finder] to determine") (citation omitted), overruled on other grounds, Carver v. State, 208 Ga.App. 405, 406(1), 430 S.E.2d 790 (1993).
[4] The statute provides that "[e]vidence obtained by county or municipal law enforcement officers in using speed detection devices ... within 600 feet of a reduction of a speed limit outside an incorporated municipality ... shall be inadmissible in the prosecution of a violation of any municipal ordinance, county ordinance, or state law regulating speed."
[5] Ferguson v. State, 263 Ga.App. 40, 41(1), 587 S.E.2d 195 (2003), citing Salazar v. State, 256 Ga.App. 50, 51-52, 567 S.E.2d 706 (2002). Accord Stone, supra.
[6] Odum v. State, 255 Ga.App. 70, 71(1), 564 S.E.2d 490 (2002).
[7] Id.; Van Nort v. State, 250 Ga.App. 7, 8(1), 550 S.E.2d 111 (2001).
[8] Ferguson, supra.