A05A0593. IN THE INTEREST OF J. D. S., a child.
(615 SE2d 627)

ADAMS, Judge.

J. D. S. appeals from the juvenile court's order finding that he committed the traffic offense of speeding in violation of OCGA § 40-6-181. We affirm.

On May 31, 2004, Officers Simpson and Hood of the Alpharetta Police Department were conducting speed enforcement on Georgia 400. Officer Simpson was positioned on the northbound side of the road when he saw a gold Infiniti SUV traveling southbound at an "obvious high rate of speed . . . faster than the 65 miles per hour speed limit on Georgia 400." Officer Simpson activated his laser device, which registered a speed of 86 mph. He relayed the information about the vehicle to Officer Hood, who was positioned on the southbound side of Georgia 400. Officer Hood observed the vehicle traveling at a high rate of speed. He pulled the vehicle over and issued a citation to the driver, J. D. S. Following a bench trial, the judge adjudicated J. D. S. guilty of speeding, finding that J. D. S. was traveling 21 mph over the speed limit.

J. D. S. argues that this evidence was insufficient to support his conviction, specifically asserting that the state failed to provide a

foundation for the laser detection evidence. The only foundation required for the entry of such evidence is the introduction of a certified copy of the Department of Public Safety's list of approved laser speed detection devices. OCGA § 40-14-17; *In the Interest of B. D. S.*, 269 Ga. App. 89, 91 (3) (603 SE2d 488) (2004). Here, it is undisputed that the state failed to introduce the required list into evidence and thus failed to lay the proper foundation for the admission of the laser detection evidence. Accordingly, the state failed to present any admissible evidence to show that J. D. S. was traveling at 86 mph and the trial court's finding in this regard is unsupported.

Nevertheless, the evidence at trial was sufficient to sustain a conviction for speeding. Although the Uniform Traffic Citation noted that J. D. S. was traveling at 86 mph, the state was not required to prove that he was traveling at that precise rate of speed in order to obtain a conviction. *Jones v. State*, 258 Ga. App. 337, 338 (574 SE2d 398) (2002). Rather, "to be guilty of speeding, one need only exceed the designated speed limit. Greater speeds by specified increment affect only the punishment and are therefore not material allegations to prove the crime of speeding." (Citations omitted.) Id.

Here, Officer Simpson testified that J. D. S.'s vehicle was traveling at an "obvious high rate of speed . . . faster than the 65 miles per hour speed limit on Georgia 400." This testimony supported the juvenile court's determination that J. D. S. committed the traffic offense of speeding. "[A]n officer's estimate of speed is sufficient to support a conviction on a speeding violation." (Punctuation and footnote omitted.) *In the Interest of B. D. S.*, 269 Ga. App. at 91 (1). See also *Stone v. State*, 257 Ga. App. 492 (571 SE2d 488) (2002).

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*


DECIDED JUNE 8, 2005.

*Steven H. Sadow*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney*, for appellee.