**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

June 27, 2013

# In the Court of Appeals of Georgia

A13A0629. FRASARD v. THE STATE.

BRANCH, Judge.

On appeal from his conviction for speeding, Michael Frasard argues pro se and in eleven enumerations of error that the evidence was insufficient, that the State failed to show compliance with statutes mandating notice to motorists of speed limits and the use of speed detection devices, that the device used to detect Frasard's speed was not properly authorized for use by the arresting officer, and that the speeding citation itself was invalid. Although these assertions lack merit, we vacate Frasard's conviction and remand for resentencing because the trial court should have merged the two counts on which he was found guilty.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of

innocence." (Citation omitted.) *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

So viewed, the record shows that on the morning of April 4, 2012, a DeKalb County police officer was conducting traffic enforcement on Peachtree Road just over the DeKalb County line. The officer saw a green Lincoln Continental traveling northbound at what appeared to be a "high rate of speed." On the basis of his training, the officer estimated that the car was traveling in excess of the posted speed limit of 35 mph. The officer then trained a laser device on the Lincoln and obtained a reading that the car was traveling at 54 mph. Frasard was issued a citation and then indicted on two counts of speeding – the first for traveling 54 mph in a 35-mph zone, and the second for traveling "in excess of the posted speed limit." A jury found Frasard guilty on both counts, and the trial court sentenced him to 12 months probation and a $500 fine plus costs.

2

1. In five enumerations of error, Frasard argues that the evidence concerning his rate of speed and the venue of the incident was insufficient to sustain his conviction. We disagree.

(a) The State need not prove that a driver "was traveling at [a] precise rate of speed in order to obtain a conviction" for speeding. *In the Interest of J. D. S.*, 273 Ga. App. 576, 577 (615 SE2d 627) (2005), citing *Jones v. State*, 258 Ga. App. 337, 338 (574 SE2d 398) (2002). "'[T]o be guilty of speeding, one need only exceed the designated speed limit. Greater speeds by specified increment affect only the punishment and are therefore not material allegations to prove the crime of speeding.'" *In the Interest of J. D. S.* supra, quoting *Jones*, supra. Because "'[a]n officer's estimate of speed is sufficient to support a conviction on a speeding violation,'" the officer's testimony that Frasard was traveling above the speed limit was sufficient to sustain his conviction. *J. D. S.*, supra, quoting *In the Interest of B. D. S.*, 269 Ga. App. 89, 91 (1) (603 SE2d 488) (2004); see also OCGA §§ 40-6-181 (defining offense of driving a vehicle "in excess of . . . maximum limits"), 40-6-182, 49-6-183 (setting out exceptions thereto).

(b) Although Frasard argues that the State failed to prove that he was speeding in DeKalb County, both the citation and the officer's testimony as to the location of

3

his enforcement action placed the incident within the boundaries of that county. Frasard himself testified, moreover, that he drove over the county line before he saw the car of the officer who pulled him over. This evidence was sufficient to establish venue in DeKalb County. *Brewster v. State*, 300 Ga. App. 143, 145 (684 SE2d 309) (2009) (officer's testimony was sufficient to prove venue of speeding incident in a particular county).

2. Frasard argues that his conviction must be overturned because the State failed to prove the existence of signs at the county line indicating that (a) the speed limit was 35 mph and (b) speed detection devices were in use. We disagree.

(a) OCGA § 40-6-181 (b) (1) provides that the maximum speed in an "urban or residential district" is 30 mph. State and county authorities have the power to vary maximum speeds, with certain limits, "on the basis of an engineering and traffic investigation." See OCGA §§ 40-6-182, 40-6-183 (a); *Dept. of Transp. v. Watts*, 260 Ga. App. 905, 907 (581 SE2d 410) (2003) (governmental actions under OCGA § 40-6-181 and 40-6-182 "are analogous to the legislative act of making law").

The arresting officer's testimony established that the speed limit in effect at the scene was 35 mph, or greater than the statutory maximum of 30 mph. Frasard has cited no authority, and we have found none, that requires a governmental unit to prove

4

its compliance with OCGA §§ 40-6-182 or 40-6-183 in order to obtain a conviction for the crime of speeding. See *Brooker v. State*, 206 Ga. App. 563, 565 (426 SE2d 39) (1992) (noting the presumption that a public officer has done his duty in all cases involving the traffic statutes). Given that the variance from the statutory speed limit of 30 mph to the non-statutory limit of 35 mph could only work in Frasard's favor, moreover, Frasard cannot show that he was prejudiced by the State's imposition of a higher, non-statutory speed limit in this case.

(b) OCGA § 40-14-6 (b) provides:

Each county, municipality, college, and university using speed detection devices shall erect signs on every highway which comprises a part of the state highway system at that point on the highway which intersects the corporate limits of the municipality, the county boundary, or the boundary of the college or university campus. Such signs shall be at least 24 by 30 inches in area and shall warn approaching motorists that speed detection devices are being employed. No such devices shall be used within 500 feet of any such warning sign erected pursuant to this subsection.

As this Court has repeatedly held, incomplete compliance with this statute does not mandate that evidence obtained by the speed detection device be excluded. *Ferguson v. State*, 263 Ga. App. 40, 41 (3) (587 SE2d 195) (2003); *Royston v. State*, 166 Ga.

App. 386 (304 SE2d 732) (1983); *Ferguson v. State*, 163 Ga. App. 171, 172 (1) (292 SE2d 87) (1982). The arresting officer testified that he had verified the existence and extent of a 35 mph speed limit zone at the county line by riding his motorcycle on both sides of that line and physically verifying the posted speed limits in the area. This testimony as to Frasard's speeding was admissible, and the conviction obtained on the basis of that testimony lawful. Id.

3. In four enumerations of error, Frasard argues that the State failed (a) to show compliance with OCGA § 40-14-7, which mandates that no stationary speed detection device shall be used if not visible to a driver "for a distance of at least 500 feet"; (b) to show compliance with applicable federal and state standards for laser devices as required by OCGA § 40-14-4; and (c) to produce a certified copy of the Department of Public Safety's list of approved laser devices including that used to detect his speed. We disagree.

(a) Frasard argues that the evidence was insufficient as to the State's compliance with OCGA § 40-14-7, which bars the use of any speed detection device "not visible for a distance of at least 500 feet" from the motorist. Although Frasard testified at trial that the arresting officer was close enough that Frasard could see him looking into his speed detection device as Frasard's vehicle came into view, the

6

arresting officer testified that he was at a distance of between 844 and 950 feet from Frasard's vehicle when the device showed that Frasard was speeding. It was for the jury to resolve contradictions between this and any other evidence as to the distance at which the speed detection device was used.

(b) Under OCGA § 40-14-4, a State agency is authorized to use only speed detection devices only if "the agency possesses a license in compliance with Federal Communications Commission rules," and if "each device, before being placed in service and annually after being placed in service, is certified for compliance by a technician possessing a certification as required by the Department of Public Safety." When the arresting officer testified that the device he was using was certified by the Department of Public Safety, Frasard did not object. The State also introduced the officer's log showing his daily tests of the device. The officer testified that the County had received a permit from the State authorizing the use of speed detection devices on certain roads.

As an initial matter, this record shows that while Frasard did object to the relevancy of the officer's log, he did not object to the officer's testimony on the ground that the County had failed to show continued compliance with FCC rules, with the result that he has waived this issue on appeal. See *Keller v. State*, 271 Ga. App. 79,

7

82 (5) (608 SE2d 697) (2004) (when defendant made only a general objection as to lack of foundation concerning results of speed control device, he had waived any argument as to the evidence on appeal). When a speed detection device is operated by a county officer, moreover, we presume that the permit issued by the Department of Public Safety complied with OCGA § 40-14-14 such that an actual FCC license does not need to be produced to show a county officer's compliance with the Georgia statute. *Brooker*, supra at 564.

> Nothing in [our caselaw] suggests that compliance with the certification requirements of OCGA § 40-14-4 cannot be proved by reliance upon the evidentiary presumption that a public officer has done his duty, and his official duties will be presumed to have been done rightly until the contrary is shown.

(Citation and punctuation omitted.) Id. Given the record before us, including the officer's testimony as to his and the County's authority to use a properly functioning laser device, Frasard has failed to overcome "a presumption in this and in all other cases arising under [the traffic statutes] that the appropriate public official has caused the instrument used to detect speed by [laser device] to be checked for calibration." (Citation and punctuation omitted.) Id., citing *Calloway v. State*, 191 Ga. App. 383, 384 (1) (381 SE2d 598) (1989).

8

(c) OCGA § 40-14-17 provides:

*Evidence of speed based on a speed detection device* using the speed timing principle of laser which is of a model that has been *approved by the Department of Public Safety* shall be considered scientifically acceptable and reliable as a speed detection device and *shall be admissible* for all purposes in any court, judicial, or administrative proceedings in this state. A certified copy of the Department of Public Safety list of approved models of such laser devices shall be self-authenticating and shall be admissible for all purposes in any court, judicial, or administrative proceedings in this state.

(Emphasis supplied.)

By its plain terms, the statute authorizes a court to consider "evidence of speed" obtained by means of a model "approved by the Department of Public Safety" as "scientifically acceptable and reliable," and provides that a certified copy of the Department's "list of approved models . . . shall be self-authenticating" for adjudicatory purposes. The same statute does *not* provide, however, that *only* such a document can supply evidence that the device was so approved. On the contrary, as

9

we have held in the closely related context of breath test devices,[1] "circumstantial evidence arising from the testimony of the trained and certified individual who operated the machine and performed the test" is sufficient to meet the statute's authenticating procedures. (Citation and punctuation omitted.) *Gidey v. State*, 228 Ga. App. 250, 252 (1) (491 SE2d 406) (1997). Here, the arresting officer testified as to both his training in speed detection, including the use of laser devices, and the Department of Public Safety's approval of the particular device he used. Accordingly, the State introduced evidence sufficient to meet the authenticating procedures of OCGA § 40-14-17, and Frasard's contentions to the contrary lack merit.

4. Frasard also argues that because the speeding citation failed to specify whether the incident occurred on a two-lane road, the citation was void. See OCGA § 40-6-187 (a) (citation "shall specify the speed at which the defendant is alleged to have driven, the maximum speed applicable . . . , and whether the violation occurred on a two-lane road or highway"). We disagree.

---

[1] See OCGA § 40-6-392 (a) (1) (A) (validating breath tests "performed according to methods approved by the Division of Forensic Sciences of the Georgia Bureau of Investigation on a machine which was operated with all its electronic and operating components prescribed by its manufacturer properly attached and in good working order"); 40-6-392 (f) (a properly prepared and executed inspection certificate for the breath-testing machine is admissible to show that the device is in "good working order").

First, Frasard did not file any motion or demurrer attacking the citation or the indictment on this ground before trial. See OCGA § 17-7-110 ("All pretrial motions, including demurrers and special pleas, shall be filed within ten days after the date of arraignment, unless the time for filing is extended by the court."); *Bryson v. State*, 282 Ga. App. 36, 40-41 (2) (638 SE2d 181) (2006) (defendant waived the right to challenge the form of an indictment when he failed to move to quash it before entering a not-guilty plea). In *Byars v. State*, 92 Ga. App. 511 (88 SE2d 818) (1955), moreover, the single reported case construing OCGA § 40-6-187 or its predecessor, we held that even if the statute directed the State to specify details including a defendant's speed, an indictment provided sufficiently specific notice when it alleged that he was traveling "in excess of" a certain speed. Id. at 512 (1). This citation indicated that Frasard was speeding on Peachtree Road. When the officer left the box indicating "2 - lane road" blank, he was complying with OCGA § 40-6-187 by showing that the road consisted of more than two lanes at the location at issue. Thus the citation was not defective, and the indictment based on it was sufficiently specific to put Frasard on notice of the charges against him. See id. (indictment failing to specify defendant's exact speed was "amply sufficient" to withstand demurrer).

5. We are required to consider whether counts merge for sentencing purposes "even though [Frasard] failed to raise the claim in the trial court, or to challenge the sentence . . . on appeal." (Citation omitted.) *Mikell v. State*, 286 Ga. 722, 725 (3) (690 SE2d 858) (2010). "Since one may not be convicted legally of a crime which is included as a matter of law or fact in another crime for which the defendant stands convicted, the conviction and sentence for the included crime must be vacated by the appellate court, even if not enumerated as error." (Citations omitted.) *Curtis v. State*, 275 Ga. 576, 577 (1) (571 SE2d 376) (2002), overruled in part on other grounds, *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010); see also *Washington v. State*, 310 Ga. App. 775, 781-782 (7) (714 SE2d 364) (2011).

As we have suggested above, either the arresting officer's testimony as to his initial observation of Frasard's excessive speed or the results of the laser detection device used immediately after that initial observation would have been sufficient to sustain his conviction for speeding. *In the Interest of J. D. S.*, supra; *In the Interest of B. D. S.*, supra. But these two sources of evidence cannot sustain a conviction on two separate counts of speeding because there is no evidence in the text of OCGA § 40-6-

181[2] that the legislature intended multiple punishments for "a single course of conduct" spanning less than a minute. "Without evidence of a legislative intent to allow multiple punishments for the same course of conduct, . . . acts that constitute a

[2] The statute provides:

> (a) The limits specified in this Code section or established as authorized in this article shall be the maximum lawful vehicle speeds, except when a special hazard exists that requires a lower speed for compliance with Code Section 40-6-180.
> (b) Consistent with the provision of engineering and traffic investigations regarding maximum speed limits as provided in Code Section 40-6-182, no person shall drive a vehicle at a speed in excess of the following maximum limits:
> (1) Thirty miles per hour in any urban or residential district;
> (1.1) Thirty-five miles per hour on an unpaved county road unless designated otherwise by appropriate signs;
> (2) Seventy miles per hour on a highway on the federal interstate system and on physically divided highways with full control of access which are outside of an urbanized area of 50,000 population or more, provided that such speed limit is designated by appropriate signs;
> (3) Sixty-five miles per hour on a highway on the federal interstate system which is inside of an urbanized area of 50,000 population or more, provided that such speed limit is designated by appropriate signs;
> (4) Sixty-five miles per hour on those sections of physically divided highways without full access control on the state highway system, provided that such speed limit is designated by appropriate signs; and
> (5) Fifty-five miles per hour in other locations.
> (c) The maximum speed limits set forth in this Code section may be altered as authorized in Code Sections 40-6-182, 40-6-183, and 40-6-188.

continuing criminal course of conduct are not punishable separately." (Citation omitted.) *Withrow v. State*, 275 Ga. App. 110, 114 (4) (619 SE2d 714) (2005), citing *State v. Marlowe*, 277 Ga. 383, 384-386 (1), (2) (589 SE2d 69) (2003), and *Brown v. Ohio*, 432 U. S. 161, 169-170 (III) (97 SCt 2221, 53 LE2d 187) (1977). The trial court therefore erred when it failed to merge the two speeding counts for sentencing purposes. See *Withrow*, supra (vacating and remanding for resentencing when trial court failed to merge three counts of child cruelty occurring over three days into a single count); *Travis v. State*, 314 Ga. App. 280, 288-289 (7) (724 SE2d 15) (2012) (vacating conviction for reckless driving and speeding and remanding for resentencing on reckless driving count alone when the only evidence to support it was the speeding violation). We therefore vacate the trial court's judgment of conviction and remand for further proceedings, including a resentencing hearing, consistent with this opinion.

*Judgment vacated and case remanded for resentencing. Ellington, C. J., and Phipps, P. J., concur*.