**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 24, 2015**

# In the Court of Appeals of Georgia

A15A1193. KLEMETTI v. THE STATE.

MCFADDEN, Judge.

Steve Klemetti appeals his speeding conviction. He argues that the trial court erred in denying his motion for directed verdict of acquittal because the state failed to present certain evidence, an engineering and traffic investigation, required to prove that the posted speed limit was lawful. We find that the evidence was sufficient to support the conviction and that producing the engineering and traffic investigation was not a part of the State's burden. We therefore affirm.

On appeal from a criminal conviction,

the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is

sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99
SCt 2781, 61 LE2d 560) (1979).

*Morris v. State*, 322 Ga. App. 682 (1) (746 SE2d 162) (2013) (citation omitted).

Viewed in this light, the evidence showed that a city of Columbus patrol officer saw Klemetti driving "at a pretty high rate of speed" on a particular road with a posted speed limit of 35 miles per hour. The officer's radar indicated that Klemetti was driving at a speed of 49 miles per hour. The state introduced into evidence a certified copy of a city council ordinance showing the speed limit of the road in question.

Klemetti does not dispute the evidence that he was driving at a speed of 49 miles per hour. Rather, he argues that in order to prove that the speed limit was lawfully set at 35 miles per hour, the state was required to introduce evidence of an engineering and traffic investigation that authorized the governing authority to establish that speed. Without such an investigation, he implies, the default speed limit of 55 miles per hour was in effect and his driving at 49 miles per hour was not unlawful.

Klemetti relies on OCGA § 40-6-183 (a), which provides in part:

> Whenever the governing authority of an incorporated municipality or county, in its respective jurisdiction, determines on the basis of an engineering and traffic investigation that the maximum vehicle speed permitted under [OCGA § 40-6-181, which establishes maximum lawful vehicle speeds,] is greater than is reasonable and safe under the conditions found to exist upon a highway or part of a highway under its jurisdiction, such authority may determine and declare a reasonable and safe maximum vehicle speed limit thereon . . . .

Klemetti's argument is in the nature of an affirmative defense. An affirmative "defense admits the doing of the act charged, but seeks to justify, excuse, or mitigate it." *Adams v. State*, 288 Ga. 695, 697 (1) (707 SE2d 359) (2011) (citations omitted).

"As in other cases where affirmative defenses are involved, we conclude that an affirmative defense . . . is a matter for the defendant to raise and not a matter for the state to negate," at least until the defendant has presented some evidence to support it. *Snelling v. State*, 176 Ga. App. 192, 193 (1) (335 SE2d 475) (1985) (citations omitted). See, e.g., *Hill v. State*, 261 Ga. 377 (405 SE2d 258) (1991) ("After a defendant presents a prima facie case of [the affirmative defense of] entrapment, the burden is on the state to disprove entrapment beyond reasonable doubt."). Klemetti presented no evidence to support his affirmative defense that the governing authority was not authorized to change the default speed limit.

Moreover, the state introduced into evidence a certified copy of a city council ordinance showing the changed speed limit. And it is presumed that public officials have done their duty in cases involving traffic statutes. *Frasard v. State*, 322 Ga. App. 468, 469 (2) (a) (745 SE2d 716) (2013). Contrary to Klemetti's argument, such a presumption, which does not relieve the state from its duty "to prove every element of the crime charged beyond a reasonable doubt," is not impermissibly burden-shifting. *Kidd v. State*, 277 Ga. App. 29, 32 (2) (625 SE2d 440) (2005) (citation and punctuation omitted).

Klemetti "has cited no [Georgia] authority, and we have found none, that requires a governmental unit to prove its compliance with OCGA . . . § 40-6-183 in order to obtain a conviction for the crime of speeding." *Frasard*, supra, 322 Ga. App. at 469 (2) (a). Accordingly, his conviction is affirmed. Id. at 468-469 (1) (a) ("To be guilty of speeding, one need only exceed the designated speed limit.") (citation and punctuation omitted).

*Judgment affirmed. Ellington, P. J., and Dillard, J., concur*.

4