**SECOND DIVISION**
**BARNES, P. J.,**
**BOGGS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 15, 2016**

# In the Court of Appeals of Georgia

A16A1425. SAPP v. THE STATE.

BARNES, Presiding Judge.

In a two count accusation, Lawanda D. Sapp was charged with two counts of speeding: Count 1, traveling 60 miles per hour in a 45 mile per hour zone, and Count 2, speeding in excess of the 45 mile per hour speed limit. Following a jury trial at which she represented herself, Sapp was found guilty of Count 2, speeding in excess of the posted speed limit.[1] Proceeding pro se, Sapp appeals and enumerates multiple errors on appeal, including that the evidence was insufficient to sustain her conviction, the double jeopardy clause of the Fifth and Fourth Amendments bar prosecution of charges that share the same issues of fact, the trial court failed to issue a legally valid uniform traffic citation on the speeding charge, the trial court failed to obtain a

---

[1] Sapp was found not guilty of Count 1, operating a vehicle at 60 miles per hour in a 45 mile per hour speed zone.

knowing and intelligent waiver of her right to formal arraignment, and the speeding charge was random and arbitrary and added as punishment for her seeking a jury trial. The State concedes that it cannot show that Sapp was formally arraigned and also acknowledges that she had objected to any waiver of the arraignment. Accordingly, we reverse her conviction.

1. We first address Sapp's contention that the evidence was insufficient to find her guilty of speeding. We do not agree.

When sufficiency of the evidence is raised, the question on appeal is whether, based on the evidence presented, a rational trier of fact could have found the accused guilty of the charged crime beyond a reasonable doubt. We construe the evidence in favor of the verdict.

(Footnotes omitted.) *Woodruff v. State*, 246 Ga. App. 540 (541 SE2d 99) (2000). "[T]he jury's verdict will be upheld as long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case."(Punctuation and footnote omitted.) *Jones v. State*, 318 Ga. App. 26, 29 (1) (733 SE2d 72) (2012). So construed, the evidence demonstrates that on the morning of July

2

29, 2015, a patrol officer with the Dekalb County Police Department was monitoring traffic with a laser device on Moreland Avenue near South River Industrial Boulevard. The speed limit on that road is designated 45 miles per hour. The officer testified that before using a laser device to monitor traffic, officers must measure the distance of their location to ensure that they are visible to motorists from at least 500 feet in either direction. As Sapp's vehicle approached, the officer "captured her speed at 60 with the device," and she was issued a traffic citation for speeding.

At her first court appearance on September 21, 2015, Sapp requested a jury trial, after which, on November 4, 2015, the State filed a two count accusation: Count 1, unlawfully operating "a motor vehicle at 60 miles per hour . . . when the speed limit there was 45 miles per hour," and Count 2, operating "a motor vehicle at a speed in excess of the posted speed limit of 45 miles per hour." At trial, the officer was the State's only witness, and Sapp represented herself and testified in her own defense. After hearing the testimony, the jury found Sapp guilty of Count 2, speeding in excess of the posted speed limit, and not guilty of Count 1, speeding 60 miles per hour in a 45 miles per hour zone.

Sapp appears to contend there was no evidence presented in the court on the second count, and the officer only testified about the use of the laser device. Contrary to Sapp's assertion, this evidence was sufficient. In order to be guilty of speeding, one need only "exceed the designated speed limit." (Punctuation omitted.) *Frasard v. State*, 322 Ga. App. 468, 468-69 (1) (a) (745 SE2d 716) (2013). The officer's testimony that Sapp was traveling above the posted speed limit, as verified by his laser device, was sufficient to sustain her conviction. See id. (officer's testimony that defendant was traveling above the speed limit was sufficient to sustain conviction.) Further, OCGA § 40-14-17 provides that "[e]vidence of speed based on a speed detection device . . . shall be admissible for all purposes in any court."

Accordingly, the evidence was sufficient to sustain Sapp's conviction for speeding, and her contentions otherwise are meritless.

2. Sapp's contention that she could not be prosecuted under charges that "share the same critical issue of ultimate fact" is not supported with any argument or citation to authority, and thus this enumeration is deemed abandoned. See Court of Appeals Rule 25 (c) (2); *Anderson v. State*, 335 Ga. App. 78, 80 (3) (778 SE2d 826) (2015).

3. In two related enumerations, Sapp contends that she received inadequate notice of her arraignment and was never formally arraigned. The State concedes that it cannot show that Sapp was ever formally arraigned on the charges against her, and that Sapp did not waive arraignment.

The record demonstrates that before jury selection, the trial court requested that Sapp sign the accusation. Subsequently, the following exchange occurred:

> Sapp: From what I'm reading its says defendant, Lawanda Sapp, waives copy of the accusation. I do not. Waive list of witnesses, I do not. Waive formal arraignment, I do not.

> Court: We've already gone through all that. We're going to trial now. . . . [Y]ou have a copy of this. We're going to trial today. We scheduled this case for trial today so you're not waiving anything.

> . . .

> Sapp: I'm going to put I do not waive anything.

> Court: Perfect. You have been here, as I recollect, at least two or three times.

> Sapp: I'm just going by what the paper says, as Lawanda Sapp waives.

Court: You can put anything you want down there. You don't waive anything, I understand.

. . .

Court: I know you have been here at least once, if not twice.

State: Judge, we're showing arraignment was on December 7, calendar call was on January 8.

The State concedes that there is no record of Sapp's arraignment other than the court notice filed on November 4, 2015 setting the date of arraignment for December 7, 2015. It acknowledges that the State cannot show that Sapp was formerly arraigned and aware of the charges against her in conjunction with OCGA § 17-16-21[2] or OCGA § 17-7-93[3], and that because she objected to the lack of a formal arraignment, "the trial court should have arraigned her . . . and this Court should reverse the sentence."

---

[2] OCGA § 17-16-21 provides in pertinent part that, "[p]rior to arraignment, every person charged with a criminal offense shall be furnished with a copy of the indictment or accusation . . . ."

[3] OCGA § 17-7-93 states:
(a) Upon the arraignment of a person accused of committing a crime, the indictment or accusation shall be read to him and he shall be required to answer whether he is guilty or not guilty of the offense charged, which answer or plea shall be made orally by the accused person or his counsel.

6

" 'Generally, a person indicted for or charged with an offense against the laws of this state is entitled as a matter of right to be arraigned before pleading to the indictment … .' [Cit.]" *Shorter v. State*, 155 Ga. App. 609, 610 (1) (271 SE2d 741) (1980). While, OCGA § 17-7-91 (c) permits waiver upon "appearance and entering of a plea," it is reversible error for a trial court to require a defendant to go to trial on an indictment "when [she] was not formally arraigned and refused specifically to waive such arraignment." *Presnell v. State*, 159 Ga. App. 598 (284 SE2d 106) (1981). See *Hicks v. State*, 145 Ga. App. 669 (1) (244 SE2d 597) (1978) (no waiver if accused makes timely express invocation of right to arraignment despite entry of plea).

In this case, the State concedes that it cannot demonstrate that Sapp was formerly arraigned and that Sapp refused to waive a formal arraignment. Thus, we reverse Sapp's conviction for speeding.

4. In light of our decision in Division 3, we need not address Sapp's remaining enumerations of error.

*Judgment reversed. Boggs and Rickman, JJ., concur*.