**FIRST DIVISION
BARNES, P. J.,
MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**September 12, 2019**

# In the Court of Appeals of Georgia

A19A0796. BROWN v. THE STATE.

BROWN, Judge.

Charles Brown appeals his conviction for speeding. He argues that the trial court erred in admitting evidence from a laser speed detection device despite the State's failure to comply with the requirements for admission of such evidence. For the reasons set forth below, we affirm in part, vacate in part, and remand with direction.

On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict, and the presumption of innocence no longer applies. An appellate court does not weigh the evidence or judge the credibility of witnesses, but only determines whether the adjudication of guilt is supported by sufficient competent evidence. In bench trials, the findings of the trial court will not be set aside unless

clearly erroneous and regard must be given to the trial court's opportunity to assess the credibility of the witnesses.

(Citation and punctuation omitted.) *In the Interest of B. D. S.*, 269 Ga. App. 89, 90 (603 SE2d 488) (2004). So viewed, the evidence shows that on the night of August 19, 2017, a DeKalb County officer was parked on Interstate 285, monitoring eastbound traffic on a section of highway where the speed limit was 65 miles per hour. Shortly after midnight, the officer spotted a red Acura traveling faster than surrounding cars. Believing the Acura was exceeding the 65 mile per hour speed limit, the officer trained a laser speed detection device on the vehicle and obtained a reading of 95 miles per hour. The officer then initiated a traffic stop, during which he determined that Brown was the driver. Brown was issued a citation and then indicted on two counts of speeding. At the conclusion of a bench trial, the trial court found Brown guilty on both counts.

1. Brown first argues that the trial court erred in admitting evidence from the laser speed detection device because the State did not present evidence satisfying the certification requirements of OCGA § 40-14-4. As we have previously explained, "[t]he certification requirements of OCGA § 40-14-4 do not apply to laser detection devices." (Citation omitted.) *In the Interest of B. D. S.*, 269 Ga. App. at 91 (3).

2

2. Brown next argues that the trial court should not have admitted the laser detection evidence without proof that the officer tested the laser device at the beginning and end of his "duty tour" as required by OCGA § 40-14-5. Assuming that this statute even applies to laser detection devices,[1] the State presented such proof in the form of the officer's testimony during the bench trial. Specifically, the officer testified that he tests the device at the beginning and end of each "duty tour" and keeps a log of this testing. While the logs were not introduced into evidence, nothing in the language of the statute or in our case law requires this.[2] OCGA § 40-14-5 (c) (1) provides that an officer's log of testing the device "shall be admissible in any court proceeding for a violation issued pursuant to Code Section 40-14-18," but does not dictate that *only* such a record can supply evidence meeting the requirements of OCGA § 40-14-5. Cf. *Lafavor v. State*, 334 Ga. App. 125, 127-128 (2) (778 SE2d

_____

[1] OCGA § 40-14-5 refers only to "radar" devices, not laser devices.

[2] Contrary to Brown's assertions, our decision in *Frasard v. State*, 322 Ga. App. 468 (745 SE2d 716) (2013), does not mandate that records of the officer's testing of the device be introduced into evidence in order to comply with OCGA § 40-14-5. In *Frasard*, the State did introduce the officer's log showing his daily tests of the radar device to support the officer's testimony, but we discussed this fact in relation to the requirements of OCGA § 40-14-4; *Frasard* did not implicate OCGA § 40-14-5. Id. at 471 (2) (b). Furthermore, the log was irrelevant to our holding that the defendant had waived the issue on appeal by failing to object on the proper grounds. Id.

3

377) (2015) (language in OCGA § 40-14-17 providing that a certified copy of the Department of Public Safety's list of approved models "shall be self-authenticating and [a]dmissible" for adjudicatory purposes does not require such a document and circumstantial evidence in the form of officer's testimony was sufficient). Accordingly, this argument is without merit.

3. Brown contends that it was error to admit the laser detection evidence because the State failed to prove the existence of signs at the county line indicating (a) the speed limit and (b) that speed detection devices were in use. See OCGA § 40-14-6. However, "this Court has repeatedly held[ that] incomplete compliance with this statute does not mandate that evidence obtained by the speed detection device be excluded." *Frasard v. State*, 322 Ga. App. 468, 470 (2) (b) (745 SE2d 716) (2013). See also *Ferguson v. State*, 263 Ga. App. 40, 41 (3) (587 SE2d 195) (2003).

To the extent Brown argues that the State failed to present evidence establishing that the officer operated the laser detection device more than 600 feet from a reduction in speed limit sign, see OCGA § 40-14-9, we disagree. While the officer testified that he knew a speed limit sign was located between his location and Bouldercrest Road, he could not say how many feet it was from his location. However, the officer testified that the posted speed limit does not change from 65

4

miles per hour on this portion of Interstate 285, and OCGA § 40-14-9[3] refers only to "a reduction of a speed limit."

4. Finally, Brown contends that without the erroneously admitted laser detection evidence, he could not have been convicted of speeding. This argument is without merit. As explained in Divisions 1-3, supra, the trial court did not err in admitting the laser detection evidence. "Furthermore, an officer's estimate of speed is sufficient to support a conviction on a speeding violation." (Citation and punctuation omitted.) *Lafavor*, 334 Ga. App. at 127 (1). Here, the officer testified that he was trained to visually estimate the speed of a moving vehicle within three miles per hour and that he had years of experience of tracking a moving vehicle, estimating

---

[3] The statute provides:

> Evidence obtained by county or municipal law enforcement officers in using speed detection devices within 300 feet of a reduction of a speed limit inside an incorporated municipality or within 600 feet of a reduction of a speed limit outside an incorporated municipality or consolidated city-county government shall be inadmissible in the prosecution of a violation of any municipal ordinance, county ordinance, or state law regulating speed. . . .

OCGA § 40-14-9.

its speed, and verifying his estimate. The officer testified that as he observed the red Acura, it was going "well over 65 miles [per] hour," and he estimated it was traveling at a speed above 90 miles per hour. Even without the laser detection evidence, this testimony alone was sufficient to sustain Brown's conviction.

5. Finally, "[w]e are required to consider whether counts merge for sentencing purposes even though [Brown] failed to raise the claim in the trial court, or to challenge the sentence on appeal." (Citation and punctuation omitted.) *Frasard*, 322 Ga. App. at 473 (5). Based on this Court's holding in *Frasard* and the Supreme Court of Georgia's recent holding in *Scott v. State*, __ Ga. __ (3) (__ SE2d __) (Case No. S18G1644, decided August 19, 2019), we conclude that the trial court erred when it failed to merge the two speeding counts for sentencing purposes. We therefore vacate the trial court's judgment of conviction and remand for resentencing.

*Judgment affirmed in part and vacated in part, and case remanded with direction. Barnes, P. J., and Mercier, J., concur*.